377 So.2d 247 (1979)
Marshall S. PHILPITT, As Chairman of the 1976 Fall Term Grand Jury; Richard E. Gerstein, State Attorney of the Eleventh Judicial Circuit of Florida; and John Doe, et al., Appellants,
v.
Albert L. WEINTRAUB, Appellee.
No. 79-322.
District Court of Appeal of Florida, Third District.
December 4, 1979.
Janet Reno, State's Atty., and Stephen V. Rosin, Asst. State's Atty., for appellants.
Philip T. Weinstein, Miami, for appellee.
Before HENDRY, HUBBART and NESBITT, JJ.
HUBBART, Judge.
The central question presented for review is whether a grand jury report relating to an individual, which is not accompanied by a true bill or indictment against such individual, is subject to expungement by a trial court when the report is unjustifiably made public (a) without first having furnished the individual concerned a copy of the report and (b) without having given the individual concerned 15 days thereafter to file with the circuit court a motion to repress or expunge the report on the ground that it is improper and unlawful. We hold that such a report is subject to expungement as its public release under these circumstances constitutes a violation of Section 905.28(1) Fla. Stat. (1977). We accordingly affirm.

I
The facts pertinent to the above issue are undisputed. The 1976 Fall Term of the Dade County Grand Jury launched an investigation into allegations of public corruption in the City of Opa Locka which is located in Dade County, Florida. At the conclusion of this investigation, the grand jury returned certain indictments against several Opa Locka city officials. In addition to these indictments, the grand jury filed a report on June 3, 1977, which was, in part, critical of the City Attorney for Opa Locka, Mr. Albert Weintraub, although no indictment or true bill was ever returned against Mr. Weintraub. This report was immediately released to the media and the contents thereof were made public. Mr. Weintraub was at no time furnished with a copy of this report prior to its filing and public release.
Mr. Weintraub thereupon filed an action to expunge those portions of the grand jury report critical to him on the ground inter alia that the report was released publicly without first having furnished him with a copy thereof at least 15 days prior to its public release in violation of Section 905.28(1), *248 Florida Statutes (1977).[1] After the trial court dismissed one of the defendants joined in this cause, the remaining defendant Richard E. Gerstein as State Attorney for the Eleventh Judicial Circuit of Florida filed an answer generally denying the allegations of the complaint. Both parties subsequently moved for summary judgment and certain affidavits were filed which established the above-stated facts. The trial court granted the plaintiff Weintraub's motion for summary judgment and entered a final summary judgment in this cause expunging those portions of the grand jury report relating to Mr. Weintraub. This appeal follows which we have jurisdiction to entertain. § 905.28(2), Fla. Stat. (1977).

II
The controlling statute in this case is Section 905.28, Florida Statutes (1977), which provides as follows:
"905.28 PUBLICATION OF REPORT OR PRESENTMENT: MOTION TO REPRESS.
(1) No report or presentment of the grand jury relating to an individual which is not accompanied by a true bill or indictment shall be made public or be published until the individual concerned has been furnished a copy thereof and given 15 days to file with the Circuit Court a motion to repress or expunge the report or that portion which is improper and unlawful.
(2) Any such motion, whether granted or denied, shall automatically act as a stay of public announcement of such report, or portion thereof, until the Circuit Court's ruling on the motion is either affirmed or denied by the District Court of Appeal or if no appeal is taken, until expiration of the period within which an appeal could have been taken."
The above statute by its express terms affords a person whose character is impugned in a grand jury report, but who has not been indicted by the grand jury, "an opportunity to prevent the publication of unfavorable material through the repression of matter that is `improper and unlawful'." Miami Herald Publishing Co. v. Marko, 352 So.2d 518, 521 (Fla. 1977). This opportunity is afforded by the statutory requirement that the individual concerned be furnished with a copy of the grand jury report and given 15 days thereafter to file a motion to repress or expunge the report in the circuit court prior to its public release. The statute then contemplates a hearing on the motion if filed in the circuit court, a ruling thereon by the circuit court, and an appeal, if desired and taken by any party, together with a disposition thereof before the report may be publicly released. These safeguards were set up to provide an unindicted person some means of redress when a grand jury report contains, as to him, unlawful or improper material before the report is publicly disseminated and his character publicly impugned. Miami Herald Publishing Co. v. Marko, 352 So.2d 518 (Fla. 1977).
In the instant case, it is undisputed that these statutory requirements were totally ignored by the state without any justification whatever. The Dade County Grand Jury made a written report which was highly critical of Mr. Weintraub's performance as City Attorney of Opa Locka, but returned no accompanying indictment or true bill against Mr. Weintraub for any crime. In violation of Section 905.28(1), Florida Statutes (1977), the state publicly released this report without first having furnished Mr. Weintraub a copy of the report and without affording him 15 days thereafter within which to file a motion to repress or expunge the report with the circuit court. The state was unable to give any excuse for this violation of the statute when requested by the trial court below, and, indeed, has *249 presented no such excuse to this court on appeal.
The state did argue in the trial court that the statute was inapplicable to this case because the grand jury report was publicly released along with indictments against various individuals although none involved Mr. Weintraub. It is argued that since the grand jury did return indictments against some people, it could simultaneously file and publicly release a report which impugned the character of people who were not indicted by the grand jury. We believe the trial court properly and cogently rejected this argument in the final judgment under review as follows:
"In interpreting statutes, the courts are constrained to avoid `absurd' results. City of St. Petersburg v. Siebold, et al, Fla. 48 So.2d 291 (1950). Since a grand jury can issue indictments without the necessity of any `report' or `presentment', it strikes the [c]ourt as clearly a strained and `absurd' interpretation of the statute to suppose that in enacting F.S. § 905.28 the [l]egislature intended that the return of an indictment against one person would allow a grand jury free to unjustifiably criticize or libel an entirely different person by `report' and still leave such person wholly without legal remedy."
We entirely agree and note that the state has abandoned its position on appeal as to this issue.
The state further argued in the trial court and argues on appeal that notwithstanding its unexcused failure to abide by the notice and service provisions of the statute, the grand jury report is still not subject to expungement unless the offending material is shown to be improper or unlawful in a post-public release hearing. We cannot agree. If that position were sound, the entire statutory scheme relating to the pre-public release service, notice, motion, hearing and appeal requirements would be thwarted as the state could with impunity ignore these provisions and furnish the individual involved with a copy of the grand jury report only after the report has been publicly released. We are not authorized to completely ignore the statutory scheme of Section 905.28, Florida Statutes (1977), as suggested by the state, for to do so would entirely defeat the legislative intent behind the passage of this statute. Curry v. Lehman, 55 Fla. 847, 853-54, 47 So. 18, 20 (1908). Where the notice and service provisions of the statute are totally and unjustifiably ignored by the state and the grand jury report in question is publicly released in violation of these provisions, as in this case, it is clear that the report relating to the individual involved is subject to expungement else the pre-public release provisions of the statute become meaningless. We believe the trial court in the instant case had no alternative but to expunge those portions of the grand jury report relating to Mr. Weintraub because it was the only reasonable means at hand of enforcing the legislative scheme herein. L. Hand, The Bill of Rights 14 (1958).
Affirmed.
NOTES
[1] Mr. Weintraub also alleged in his complaint that the grand jury report contained facts which were untrue as to him. The trial court in the judgment under review noted that there was "substantial evidence" to support this allegation which was unrefuted by the state, but concluded that it was "unnecessary to determine the truth or justification for such statements" in view of the court's ultimate disposition of this case on another ground.