HUBBART, Judge.
This is an appeal brought by two officials of the Dade County Housing and Urban Development Agency (HUD) from a final order denying their motion to repress or expunge select portions of a Dade County Grand Jury report on public housing. The sole issue presented on appeal is whether a circuit court is required to review the evidence presented to the grand jury for the purpose of determining whether such evidence supports the grand jury’s findings of fact as contained in a subsequent grand jury report, when, as here, an individual files a motion to repress or expunge portions of the subject grand jury report under. Section 905.28(1), Florida Statutes (1987), and challenges certain of the grand jury’s factual findings. We hold that the circuit court is under no such obligation and affirm.
I
The relevant facts of this case are as follows. On August 3,1987, the Fall Term 1986 Dade County Grand Jury issued a report on the state of public housing in Dade County, Florida. Prior to the publication of this report, however, the appellants Alvin D. Moore, Jr. and Eugene Smith, the acting director and area manager of the Dade County HUD Agency, were furnished advance copies of the report in compliance with the provisions of Section 905.28, Florida Statutes (1987). In response thereto, the appellants filed a motion to repress or expunge select portions of this final report pursuant to the above statute on the ground that these portions were “misleading,. inaccurate, unlawful, improper and filled with speculation and conjecture.” In particular, the appellants took strong issue with the grand jury's criticism of appellants’ alleged ineptitude in dealing with what everyone concedes are deplorable, and in some cases, life-threatening conditions in Dade County public housing. It was urged that this criticism was grossly unfair to them and in some respects was factually inaccurate. Attached to the motion were a number of exhibits designed to refute the objected-to portions of the report by showing the alleged substantial efforts of appellants to combat the deplorable public housing conditions in Dade County— which exhibits had not, apparently, been presented to the grand jury.
Following a response from the state which opposed the above motion and after a full hearing below, the trial court denied the subject motion to repress or expunge. The circuit court stated in its order of denial:
“4. The major thrust of movants argument seems to be that.the.Grand Jury-arrived at erroneous conclusions from the facts before them, and/or, there were other facts which, if the Grand [Jury] had taken into consideration, would have precluded the criticism directed at the .movants;. and therefore, thié *1105 Grand Jury’s criticism of the state of public housing in Dade County is both unfair to the individual movants and erroneous in its conclusions drawn from the facts.
As to the fairness argument, this was answered in the Miami Herald, case, when at page 521 and 522, the Court said:
‘They argue, essentially, for a definition of “proper” which goes beyond mere legal propriety and incorporates considerations of “fairness” to persons discussed in a report. In our view, the precision of the statute precludes adding the refinement which the patrolmen suggests.’
* * * * * ★
‘Obviously, the legislature has elected not to eliminate the potential for citizen criticism of public officials; rather it has chosen to confine those criticisms to matters which emerge from a lawful inquiry, and are not “improper.” ’
5. It is outside the scope of this Court’s authority to determine whether the report contained what movants feel were erroneous conclusions. The only inquiry by this Court being whether the report was lawful, that is covering an area authorized to be covered; and was proper, that is germane to the inquiry and having a factual foundation. This Court does not, and cannot pass upon whether other people would have reached a conclusion different from the Grand Jury in leveling their criticism against the movants.”
The appellants then filed a motion for rehearing and requested the trial court to review the evidence presented before the grand jury on the public housing issue to determine whether there was any evidence to support the allegations in the objected-to portions of the report. The trial court denied the motion for rehearing, declined to examine the transcript of testimony before the grand jury, and concluded that “[t]he undisputed factual statements in the Grand Jury Report provide an adequate factual foundation for the conclusions of the Grand Jury which are contested.” This appeal follows.
II
Section 905.28(1), Florida Statutes (1987) provides:
“No report or presentment of the grand jury relating to an individual which is not accompanied by a true bill or indictment shall be made public or be published until the individual concerned has been furnished a copy thereof and given 15 days to file with the circuit court a motion to repress or expunge the report or that portion which is improper and unlawful.”
The Florida Supreme Court in the leading case of Miami Herald Publishing Co. v. Marko, 352 So.2d 518 (Fla.1977), interpreted the above statute as imposing “two statutory limitations” on grand jury reports, namely, that the subject report must be both “lawful” and “proper.” Id. at 521. The Court, in effect, held that comments in a grand jury report are “lawful” if they are made by an otherwise legally constituted grand jury on a matter which the grand jury is legally empowered to investigate. Id. The Court further held that comments in a grand jury report are “proper” if they have “a factual foundation in, and [are] germane to, the scope of proceedings for which the grand jury was convened.” Id. at 522; they need not, however satisfy “some amorphous notion of ‘fairness.’ ” Id. at 521.
Contrary to the appellants’ contention, we do not think “the factual foundation” requirement, as stated above, obliges the circuit court to review the evidence presented to the grand jury for the purpose of determining whether the grand jury’s findings of fact as contained in its report are supported by substantial, competent evidence — when, as here, certain of those factual findings are challenged on a motion to repress or expunge the grand jury report. It is sufficient if the grand jury’s objected-to comments have a “factual foundation” in the report itself; stated differently, the grand jury’s findings of fact in the report are not subject to circuit court reversal. *1106 This is so because the above-stated statute was not designed, in any sense, to provide an appellate review of the grand jury’s fact-finding functions. In our view, it was designed to constitute a brake on wild grand jury charges against individuals which are either (1) outside the scope of the grand jury’s lawful authority to comment on, or (2) entirely unsupported by any facts as found by the grand jury itself. Compare Green v. Investigation of Liberty County School Sys., 370 So.2d 63, 64 (Fla. 1st DCA 1979) (grand jury report repressed because it consisted “in pertinent part of conclusions and recommendations that are unsupported by any factual findings [in the report itself].”). See also Kelly v. Sturgis, 453 So.2d 1179, 1182 (Fla. 5th DCA 1984); Appeal of Untreiner, 391 So.2d 272, 274 (Fla. 1st DCA 1980).
We have not overlooked the appellants’ forceful arguments to the contrary, but are unpersuaded thereby. Indeed, to accept the appellants’ position, as urged herein, would require the circuit court to act as an appellate court over the grand jury’s findings of fact. We decline to require the circuit court to enter such an appellate thicket as, in our view, such a far-reaching process is entirely outside the purview of the subject statute.
Ill
Turning to the instant case, we have no trouble in rejecting the appellants’ sole point on appeal that the trial court erred in refusing to examine the evidence presented to the grand jury and in reaching the conclusion that an adequate factual foundation existed in the report itself for the conclusions reached by the grand jury. Based on the above-stated law, the circuit court was not required to pass upon the sufficiency of the evidence to support the grand jury’s findings of fact. Moreover, the grand jury’s findings of fact fully support the challenged portions of the grand jury’s conclusions. In this connection, we agree entirely with the circuit court’s legal analysis of this case.
Beyond that, the gravamen of the appellants’ objections to the grand jury report was not that it was factually inaccurate; indeed, the appellants in their motion to repress or expunge did not challenge most of the findings of fact contained in the report. Their chief objection to the report was that it was grossly unfair to them, that it ignored their good faith efforts to correct the life-threatening conditions in Dade County public housing, and it was incredulous to expect the appellants in the short span of one year to cure these deplorable conditions. As the circuit court properly concluded, this was an insufficient basis to repress the report under Section 905.28(1), Florida Statutes (1987). Miami Herald Publishing Co. v. Marko. The subject grand jury report was neither “unlawful” nor “improper” within the meaning of the above statute, and the trial court correctly denied the appellants’ motion to repress or expunge.
AFFIRMED.