SCHEB, Acting Chief Judge.
The State appeals an order expunging a portion of a grand jury’s presentment. We reverse.
The Fall Term 1986 Grand Jury in Pinel-las County returned a presentment finding corruption in the Tarpon Springs police department. Former Chief of Police Blaine LeCouris, whose actions were criticized by the Grand Jury, filed a motion as contemplated by section 905.28, Florida Statutes (1985), to expunge the following portion of the presentment:
Specifically, a former Chief of Police and City Manager Blaine LeCouris caused police radios to be provided to civilians at Pappas Restaurant.
At the hearing on the motion, no testimony was presented. Instead, LeCouris proffered that he and Mr. Pappas, the owner of Pappas’ Restaurant, would testify that at the time of the alleged action: (1) LeCouris was neither Chief of Police nor City Manager; (2) that radios (plural) were not involved; and (3) neither he nor Mr. Pappas had been questioned. The state accepted the proffer, “not necessarily as accurate fact but as a proffer of what they’ll [the witnesses] say.” The court granted the motion.
There is no dispute that the presentment was lawful in that it was within the scope of the grand jury’s authority. LeCouris’ only contention below was that the presentment was improper because it denoted a report of matters which lacked factual foundations in the record.
On appeal, the state argues that the trial court erred in excising a grand jury finding merely because LeCouris proffered statements that his witnesses would dispute its factual accuracy. The grand jury indicated that based on the testimony and evidence presented, a particular fact had been found. We agree with the state that it was outside the trial court’s authority to determine whether the report contained what LeCouris contended was an erroneous conclusion.
In the leading case of Miami Herald Publishing Co. v. Marko, 352 So.2d 518 (Fla.1977), the supreme court held that comments in a grand jury report are “proper” if they have “a factual foundation in, and [are] germane to, the scope of proceedings for which the grand jury was convened.” Id. at 522. The court further explained that “the focus of judicial inquiry on a motion to repress ... does not turn on some amorphous notion of ‘fairness.’ ” Id. at 521.
In Moore v. 1986 Grand Jury Report on Public Housing, 532 So.2d 1103 (Fla.3d DCA 1988), the third district held that “[i]t is sufficient if the grand jury’s objected-to comments have a ‘factual foundation’ in the report itself; stated differently, the grand jury’s findings of fact in the report are not subject to circuit court reversal.” Id. at 2321. We recognize that the trial judge did not have the benefit of Moore at the time of his decision. We think, however, that Moore is an accurate statement of the current law. Accordingly, the grand jury’s presentment should not have been expunged based on LeCouris’ proffer.
Reversed and remanded for proceedings consistent with this opinion.
THREADGILL and PARKER, JJ., concur.