544 So.2d 1104 (1989)
In re Presentment of GRAND JURY (FREEPORT SCHOOL PROJECT) WINTER TERM 1988.
HILTON DEVELOPMENT COMPANY, a Florida Corporation, Appellant,
v.
Clyde C. CHANDLER, Grand Jury Foreman, and Other Members of Said Grand Jury, Appellee.
No. 88-2312.
District Court of Appeal of Florida, First District.
June 13, 1989.
*1105 L. Charles Hilton, Jr. of Hilton, Hilton, Kolk & Laing, P.A., Panama City, for appellant.
Robert A. Butterworth, Atty. Gen. and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
This is an appeal from the denial of a motion brought under Section 905.28, Florida Statutes (1987), by appellant, Hilton Development Company (Hilton), to repress or expunge portions of a grand jury presentment which refer to Hilton. We affirm in part; however, because we find certain statements contained in the presentment to be improper and unlawful, we also reverse in part and remand.
A Walton County grand jury was convened to investigate the circumstances surrounding the construction of the Freeport Elementary School Project. The grand jury issued a presentment, which, in accordance to law, was sent to all those named in it. Hilton, the general contractor on the project, was necessarily referred to in the presentment, but while the presentment made condemnatory statements regarding Hilton's performance, no indictment charging Hilton accompanied the presentment.[1] Unfortunately, the presentment was prematurely published in violation of section 905.28.[2] Thereafter, Hilton timely filed a motion to expunge or repress portions of the presentment under section 905.28, which motion was denied.
*1106 Of the three issues raised by appellant, only two merit discussion. Appellant first asserts that the lower court erred in denying its motion, because the presentment had been made public in violation of section 905.28, and that expunction was required by Philpitt v. Weintraub, 377 So.2d 247 (Fla. 3d DCA 1979) (expunction of all portions of the presentment disparaging to Weintraub was necessary once the state unlawfully released the presentment in violation of section 905.28). In the instant case, although it clearly appears that the contents of the presentment were divulged in violation of section 905.28, the record is unclear concerning who was responsible for the disclosure. It is, however, clear from the record that the state denied any wrongdoing and no evidence reflects the contrary. Because there was no showing that the state caused the premature publication of the presentment, we decline to follow Weintraub to the extent that it mandates expunction of all portions of the presentment relating to Hilton.
We do, however, agree with appellant that certain portions of the presentment contain improper and unlawful statements which the lower court erroneously failed to expunge. Section 905.28(1) authorizes expunction or repression of any statements contained in a presentment that are "improper and unlawful." To avoid being "improper," comments in the presentment "must have a factual foundation in, and be germane to, the scope of proceedings for which the grand jury was convened." Miami Herald Publishing Co. v. Marko, 352 So.2d 518, 522 (Fla. 1977). "Unlawful" means outside the lawful ambit of the grand jury's authority. Id. at 520-21. Grand juries are authorized to inquire into "every offense triable ... and all other indictable offenses." § 905.16, Fla. Stat. (1987). Grand jury investigations may also properly extend beyond the realm of criminal offenses to encompass investigations of the actions of public bodies and officials in the use of public funds, including reporting or presenting findings and recommendations as to practices, procedures, incompetency, inefficiency, mistakes and misconduct involving public offices and monies. Marko, 352 So.2d at 522.
However, while it is true that grand juries have broad powers, they have no legitimate or proper function to go beyond investigation of criminal activity or matters involving public officials and public monies and make any report that names, embarrasses, ridicules, criticizes, censures or defames any person, if such statements are unrelated to criminal activities or matters involving public officials and public monies. Kelly v. Sturgis, 453 So.2d 1179, 1182 (Fla. 5th DCA 1984). In Kelly, the court expunged portions of a presentment that criticized the actions of a private citizen, because the statements did not relate to anything that person did while acting as a public official, and because they did not relate to his use or misuse of public funds. Thus, a grand jury's responsibilities are necessarily limited to making an accurate report as to whatever it found to be true without comment on the actions or motives of persons that are not a necessary part of the findings relating to the actions of public officials or use of public monies. Id.
In the instant case, the presentment includes comments regarding Hilton's actions and motives that do not relate to anything Hilton did while acting as a public official and which do not relate to its use or misuse of public funds. Such comments are therefore unlawful, because they are not necessary to any legitimate grand jury function. Thus, we agree with appellant that the trial court erred by failing to expunge those comments relating to Hilton's actions, motives or intentions.
We do not, however, agree with Hilton's argument that all comments relating to it that amount to factual findings must be expunged or repressed. The law is well settled that a circuit court has no obligation to review the record before the grand jury to determine whether evidence supports the findings and recommendations. In short, grand jury findings of fact are not subject to reversal. Moore v. 1986 Grand Jury Report on Pub. Hous., 532 So.2d 1103, 1105 (Fla. 3d DCA 1988); State *1107 v. Grand Jury, Fall Term 1986, Presentment Dated July 29, 1987, 535 So.2d 696, 697 (Fla. 2d DCA 1988). This is so because section 905.28 was not designed to provide an appellate review of the grand jury's fact-finding functions, but was designed to constitute a brake on wild charges against persons which are either outside the scope of the grand jury's lawful authority or entirely unsupported by any facts. Moore, 532 So.2d at 1106. If, however, a comment is a conclusion which lacks a factual foundation within the presentment, or if a comment amounts to a factual finding that is unnecessary to the inquiry relating to the public officials or the expenditure of public funds, then those portions of the presentment must be expunged, because they are improper or unlawful.
In conclusion, we AFFIRM that portion of the order denying the motion to expunge factual findings referring to Hilton that necessarily relate to its inquiry into the Freeport Elementary School Project and the public officials involved therewith. However, we REVERSE that portion of the order denying expunction of any factual findings referring to Hilton which do not relate to the inquiry; any conclusions that are not supported by facts set forth in the presentment; and any comments relating to Hilton's actions, motives or intentions, because they are improper and unlawful, and remand the cause to the lower court to conduct further proceedings necessary to expunge those portions of the presentment that fall into the latter category.
Affirmed in part, reversed in part and remanded.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] The grand jury did subsequently return an indictment charging Hilton with organized fraud and grand theft in connection with its construction of the school building; however, the charges were later dismissed, because the allegations in the charging instrument were indefinite, vague, ambiguous and duplicitous, and because they referred to criminal conduct occurring prior to the effective date of the charging statute.
[2] Section 905.28(1), Florida Statutes (1987), provides:

No report or presentment of the grand jury relating to an individual which is not accompanied by a true bill or indictment shall be made public or be published until the individual concerned has been furnished a copy thereof and given 15 days to file with the circuit court a motion to repress or expunge the report or that portion which is improper and unlawful.