558 So.2d 139 (1990)
MALCOLM PIRNIE, INC., Appellant,
v.
MONROE COUNTY GRAND JURY REPORT, FALL TERM, 1987, Appellee.
No. 88-2277.
District Court of Appeal of Florida, Third District.
March 13, 1990.
Walton, Lantaff, Schroeder & Carson and G. Bart Billbrough, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
*140 NESBITT, Judge.
This is an appeal taken pursuant to section 905.28, Florida Statutes (1987), from a trial court order denying appellant's motion to repress or expunge certain portions of a Monroe County grand jury report which examined the expenditure of public funds to build a solid waste facility for the City of Key West. We affirm.
The appellant, Malcolm Pirnie, Inc. (MPI), is an environmental engineering firm which was employed by the City of Key West to advise the city on the affordability and feasibility of constructing a solid waste incineration facility. In its report, the grand jury criticized MPI for its failure to adequately and professionally perform the job it was hired to do. The report stated that, partly due to appellant's failure to properly do its job, substantial sums of taxpayer money were ill-spent on the incinerator project. However, the grand jury did not indict the corporation. It did recommend that the city consider filing a legal action against the appellant for "questionable advice" and "conflicting reports."
Section 905.28(1) provides:
No report or presentment of the grand jury relating to an individual which is not accompanied by a true bill or indictment shall be made public or be published until the individual concerned has been furnished a copy thereof and given 15 days to file with the circuit court a motion to repress or expunge the report or that portion which is improper and unlawful.
MPI contends that those portions of the subject grand jury report which refer to it should be expunged on the statutory grounds that the report's references to it are both unlawful and improper. In Miami Herald Publishing Co. v. Marko, 352 So.2d 518 (Fla. 1977), the Supreme Court of Florida defined the two statutory limitations on grand jury reports which are at issue. As restated by Judge Hubbart for this court in Moore v. 1986 Grand Jury Report, 532 So.2d 1103, 1105 (Fla. 3d DCA 1988), the supreme court in Marko held:
[C]omments in a grand jury report are "lawful" if they are made by an otherwise legally constituted grand jury on a matter which the grand jury is legally empowered to investigate... . [C]omments in a grand jury report are "proper" if they have a "factual foundation in, and [are] germane to, the scope of proceedings for which the grand jury was convened."
MPI first contends that the grand jury acted unlawfully and exceeded the scope of its authority in making findings against MPI because the corporation is a private entity, not a public official. This contention is meritless inasmuch as a grand jury is empowered to make a presentment describing misconduct, errors, and incidences in which public funds are improperly used. Marko, 352 So.2d at 522. The investigation here centered on the expenditure of public funds; thus, it is immaterial whether appellant is a public official. The grand jury's statements concerning appellant's conduct were within "the lawful ambit of grand jury authority," and the trial court was correct in denying the motion to repress on this ground. Id. at 520, 521.
Second, appellant asserts that even if the scope of the investigation was lawful, it was improper as to MPI since the grand jury reached conclusions which either lacked factual foundation or directly contradicted the factual findings upon which they were made. Moore, 532 So.2d at 1103. As the supreme court stated in Marko, the propriety of comments or recommendations in a grand jury report does not turn on "some amorphous notion of `fairness', but must be addressed to the germaneness and factual foundation of the particular recommendations contained in a report." 352 So.2d at 521. Appellant takes issue with several statements contained in the report. The grand jury found that MPI was hired "to advise if we [i.e. the City of Key West] could afford to build an incineration facility." The grand jury further found that as part of that study, MPI, as well as the city, erred in not examining the costs of a landfill operation and comparing them to the costs of an incinerator system. MPI also states that the grand jury erred in finding that MPI's reports to the city on the incinerator project constituted a misrepresentation *141 of the financial consequences accompanying the incinerator project. The grand jury suggested the city examine possible legal action against MPI on this issue. Finally, the grand jury criticized MPI for not having the "professionalism" to stand up and voice its concern regarding potential problems on the project.
Appellant claims that all these statements are conclusions or recommendations of the grand jury which are subject to this court's review. We disagree. Except for the two statements regarding MPI's professionalism and the recommendation that the city take legal action against MPI, all the above statements are findings of fact which are not subject to review by this court. Moore, 532 So.2d at 1103. As this court stated in Moore,
[W]e do not think "the factual foundation" requirement ... obliges the circuit court [and in turn the appellate court] to review the evidence presented to the grand jury for the purpose of determining whether the grand jury's findings of fact as contained in its report are supported by substantial, competent evidence  when, as here, certain of those factual findings are challenged on a motion to repress or expunge the grand jury report.
Id. at 1105. Based on the above, we do not pass on appellant's contention that the grand jury findings are factually inaccurate. Section 905.28(1) "was not designed, in any sense to provide an appellate review of the grand jury's fact-finding functions." Id. at 1106. Instead, it was enacted to ensure that a grand jury does not exceed its lawful authority and that any conclusions and recommendations made be based on facts as determined by the grand jury as set forth in its report. Id.
Accordingly, accepting the grand jury's findings of fact, we find the comments on appellant's professionalism and the recommendation that the city consider legal action were proper and thus not subject to expungement because those recommendations are both germane to the proceedings and are supported by facts contained within the grand jury report.
Affirmed.