689 So.2d 1182 (1997)
Richard BARBER, Appellant,
v.
INTERIM REPORT OF THE GRAND JURY SPRING TERM 1995, Appellee.
No. 96-0148.
District Court of Appeal of Florida, Fourth District.
March 12, 1997.
*1183 Barbara R. Duffy, Fort Lauderdale, for appellant.
Robert Butterworth, Attorney General, Tallahassee, and Joan Fowler, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
This case concerns the release of a grand jury report pertaining to a police shooting, where the grand jury did not indict the officer involved. We hold that the portions of the report subject to expunction are those that disclose the substance of witness' testimony before the grand jury. The remainder of the report is not "improper or unlawful" within the meaning of section 905.28(1), Florida Statutes (1995), so it may be made public.
In 1995, the Broward County Grand Jury considered the shooting of a juvenile by appellant, police officer Richard Barber. According to the grand jury's report, Officer Barber attempted to stop a Mazda driving without lights at 5:00 a.m. on June 16, 1995. A high speed chase ensued, with both vehicles crossing lawns and passing between houses. A second officer joined in the pursuit. After several attempts at eluding the police, the Mazda finally came to a stop on a residential street.
As to the facts after the Mazda stopped, the grand jury report identified witnesses and summarized their conflicting testimony. What was not in dispute was that Officer Barber fired a shot through a partially lowered rear window of the Mazda, hitting a passenger in the head.
The grand jury did not indict Officer Barber. The report explained this decision by noting that [t]he following factors militated against charging Officer Barber with a criminal offense:
1. The time of day (early morning darkness) and the very dark window tinting which prevented Officer Barber from seeing into the car.
2. The refusal of the car's occupants to stop the vehicle, giving rise to the chase, and further, upon stopping, their continuous refusal to exit the vehicle.
3. The sudden lowering of the rear window and lurching forward of the Mazda.
The report concluded that "[g]iven the circumstances, it appears that Officer Barber legitimately feared for his safety and the safety of the fellow officer."
The report also made findings and recommendations critical of the police:
1. There were no weapons in the Mazda.
2. Aside from the factually disputed collision with Officer Birkenhauer's vehicle, there was no aggressive action taken or threatened by the vehicle's occupants.
3. Officer Barber had drawn his weapon immediately after exiting his vehicle, even though he had no knowledge that anyone *1184 in the car had committed, or was committing a felony. He only knew that he had pursued the car in a lengthy chase.
4. Immediately after the shooting, Officer Birkenhauer read Miranda warnings to Officer Barber, apparently on the basis of Police Union advice ...
5. Officers Barber and Birkenhauer made no attempt to shut off the Mazda engine after the shooting, nor did they attempt to remove the occupants, or assist anyone who might have been injured by the shot, until Detective English arrived on the scene.
6.... Officer Barber positioned himself adjacent to the Mazda, thus exposing himself to possible injury. Either he feared for his safety, yet stood out in the open, or he did not fear for his safety. In any case, he drew his pistol, aiming at the car's occupants, as he exited the police car.
It is the opinion of this Grand Jury that, although not criminal, the shooting of Michael Jason Skirvin was, perhaps, the result of panic, bad judgement, and negligence on the part of Officer Barber.
(Rep. 4-5)(emphasis supplied).[1] The grand jury recommended additional training for the entire road division of the police department and psychological counseling and community service with teenagers for the officers involved.
Pursuant to section 905.28, Officer Barber filed a motion to repress or expunge the following portions of the report: 1) the conclusion underscored above on the basis that it is improper because it is unsupported by the facts in the report and 2) the portions of the report referencing testimony of specific witnesses as violative of section 905.27, Florida Statutes (1995). The trial court denied the motion in its entirety.
Under section 905.28(1), where a grand jury report relating to an individual is not accompanied by a true bill or an indictment, the report remains confidential until the individual has been given a copy of the report and a fifteen day grace period to file a motion in the circuit court to "repress or expunge the report or that portion which is improper and unlawful."[2] The policy behind the statute is to give a person not charged with a crime the chance to prevent the publication of "improper and unlawful" material. Miami Herald Publishing Co. v. Marko, 352 So.2d 518, 520-21 (Fla.1977). As the supreme court explained in Marko,
while one charged with the commission of a crime as a result of [the grand jury] process has a full opportunity for public clarification of misleading data and personal vindication through a public trial, no comparable means of vindication exists for one whose character is impugned in a report unaccompanied by indictment.
Id. at 520.
As used in section 905.28(1) "unlawful" means outside the lawful ambit of the grand jury's authority. Marko, 352 So.2d at 520-21; In re Grand Jury Investigation of HRS, 659 So.2d 347, 349 (Fla. 1st DCA 1995). Barber concedes that the grand jury's report was lawful in this sense. In addition to criminal offenses, a grand jury may investigate the actions of public officials, including "reporting or presenting findings and recommendations as to practices, procedures, incompetency, inefficiency, mistakes and misconduct involving public offices and monies." In re Presentment of Grand Jury (Freeport School Project), 544 So.2d 1104, 1106 (Fla. 1st DCA 1989); Marko, 352 So.2d at 521, n. 7.
Under section 905.28(1), statements in a report are "proper" if they are germane *1185 to the scope of the proceedings for which the grand jury was convened and given investigative authority and if they are supported by facts contained in the report itself. Marko, 352 So.2d at 521, 523; In re Grand Jury (Freeport School Project), 544 So.2d at 1107; In re Grand Jury Investigation of HRS, 659 So.2d at 349. The factual foundation requirement does not require a circuit court to review the evidence presented to the grand jury; the grand jury's factual findings are not subject to reversal. Moore v. 1986 Grand Jury Report on Public Housing, 532 So.2d 1103, 1105-06 (Fla. 3d DCA 1988); In re Grand Jury investigation of HRS, 659 So.2d at 349; Malcolm Pirnie, Inc. v. Monroe County Grand Jury Report, 558 So.2d 139, 141 (Fla. 3d DCA 1990). As the third district stated in Moore,
[section 905.28(1)] was not designed, in any sense, to provide an appellate review of the grand jury's fact-finding functions. In our view, it was designed to constitute a brake on wild grand jury charges against individuals which are either (1) outside the scope of the grand jury's lawful authority to comment on, or (2) entirely unsupported by any facts as found by the grand jury itself.
532 So.2d at 1106.
Officer Barber argues that there was no factual foundation for the report's conclusion that the shooting was perhaps a result of his "panic, bad judgment, and negligence." This contention is not well taken. The six paragraphs of facts quoted above, as well as the summary of witness' testimony, are consistent with the grand jury's conclusion regarding Officer Barber's conduct in the shooting. See Marko, 352 So.2d at 522 (conclusion that officers were unfit to serve as highway patrolmen was consistent with officers' conduct where one officer considered altering the appearance of a crime scene after he fatally shot a suspect during an unauthorized drug investigation); In re Grand Jury Investigation of HRS, 659 So.2d at 350 (employee's failure to advise supervisor of various matters provided factual foundation for conclusion that employee's conduct constituted gross neglect). The grand jury's conclusion was "proper" within the meaning of section 905.28(1).
Officer Barber next contends that the disclosure of witnesses and the substance of their actual testimony violates section 905.27, Florida Statutes (1995).[3] Section 905.24, Florida Statutes (1995), mandates the secrecy of grand jury proceedings. State v. Pleas, 659 So.2d 700 (Fla. 1st DCA 1995). Section 905.27 unambiguously declares that a grand juror shall not disclose a witness' grand jury testimony, unless one of the specific statutory exceptions applies. A grand jury report signed by the foreperson does not fall within one of these statutory exceptions. Section 905.27(2) bars the communication of the gist of a witness' grand jury testimony to anyone "in any manner whatsoever." Contrary to the state's argument, we can discern no legislative intent in the statute's clear language to carve out any exception for a grand jury report.
Because portions of the grand jury report disclose grand jury testimony in violation of section 905.27, they are subject to expunction under section 905.28(1). On remand, before releasing the grand jury report, the trial court shall expunge those portions disclosing the substance of witness' testimony before *1186 the grand jurypages 2 and 3 in their entirety, the top five lines of page 4 and the last sentence in the first full paragraph on page 4. The six consecutively numbered paragraphs on pages 4-5 shall be edited to read as they do in this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DELL and SHAHOOD, JJ., concur.
NOTES
[1] These portions of the grand jury report have been edited in accordance with the second part of this opinion.
[2] Section 905.28(1) provides:

A report or presentment of the grand jury relating to an individual which is not accompanied by a true bill or indictment is confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution and shall not be made public or be published until the individual concerned has been furnished a copy thereof and given 15 days to file with the circuit court a motion to repress or expunge the report or that portion which is improper and unlawful. This exemption is subject to the Open Government Sunset Review Act in accordance with s. 119.14.
(footnote omitted).
[3] In pertinent part section 905.27 provides:

(1) A grand juror, state attorney, assistant state attorney, reporter, stenographer, interpreter, or any other person appearing before the grand jury shall not disclose the testimony of a witness examined before the grand jury or other evidence received by it except when required by a court to disclose the testimony for the purpose of:
(a) Ascertaining whether it is consistent with the testimony given by the witness before the court;
(b) Determining whether the witness is guilty of perjury; or
(c) Furthering justice.
(2) It is unlawful for any person knowingly to publish, broadcast, disclose, divulge, or communicate to any other person, or knowingly to cause or permit to be published, broadcast, disclosed, divulged, or communicated to any other person, in any manner whatsoever, any testimony of a witness examined before the grand jury, or the content, gist, or import thereof, except when such testimony is or has been disclosed in a court proceeding....
(emphasis supplied).