970 So.2d 498 (2007)
John ROE, Appellant,
v.
GRAND JURY, Appellee.
No. 4D07-2371.
District Court of Appeal of Florida, Fourth District.
December 19, 2007.
*499 Bruce S. Rogow and Cynthia E. Gunther of Bruce S. Rogow, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Appellant timely appeals the partial denial of a motion brought under section 905.28(1), Florida Statutes (2006), to repress or expunge a portion of a grand jury presentment which referred to appellant. We affirm the order of the circuit court which allowed the release of certain language but ordered the redaction of one sentence.
The presentment states that the grand jury was convened "to investigate corruption, ethics and whether the City of West Palm Beach conducts business under a `pay to play' practice." In an ethics section of the report, the grand jury made findings relating to rebroadcasts of commission meetings. Appellant's section 905.28(1) motion was directed at this portion of the report. The circuit court redacted one sentence from the report because it quoted testimony before the grand jury.
Under section 905.28(1), where a grand jury presentment relating to an individual is not accompanied by a true bill or indictment, the report remains confidential until the individual has been furnished a copy and given 15 days to file a motion in the circuit court to "repress or *500 expunge the report or that portion which is improper and unlawful." "The policy behind the statute is to give a person not charged with a crime the chance to prevent the publication of `improper and unlawful' material." Barber v. Interim Report of the Grand Jury Spring Term 1995, 689 So.2d 1182, 1184 (Fla. 4th DCA 1997).
Something is "unlawful" within the meaning of section 905.28(1) if it is "outside the lawful ambit of the grand jury's authority." Id. "In addition to criminal offenses, a grand jury may investigate the actions of public officials, including `reporting or presenting findings and recommendations as to practices, procedures, incompetency, inefficiency, mistakes and misconduct involving public offices and monies.'" Id. (quoting In re Presentment of Grand Jury (Freeport School Project), 544 So.2d 1104, 1106 (Fla. 1st DCA 1989)). As the challenged language in the report was a part of the grand jury's investigation into the conduct of public officials, the comments were not unlawful.
A matter is "improper" under section 905.28(1) if it is (1) not "germane to the scope of the proceedings for which the grand jury was convened and given investigative authority" and (2) not "supported by the facts contained in the report itself." Barber, 689 So.2d at 1184-85. The challenged statements were not improper, since they related to unethical practices in the operation of the city government. Whether a public official has manipulated, or attempted to manipulate, a recording of a public meeting is a type of conduct a grand jury may properly investigate. Also, there is a factual basis for the challenged statements in the report. We reject appellant's attempt to manufacture an issue by setting up the straw man of the section 119.01(11) definition of public records. As appellee argues, the presentment used the term "public record" in the general sense, not as a statutory term of art. The propriety of the grand jury's finding does not turn on the application of the public records law.
We affirm the order of the circuit court. A motion for rehearing, if any, must be filed within five days. The report shall be released pursuant to the circuit court's order upon issuance of the mandate.
WARNER and FARMER, JJ., concur.