971 So.2d 289 (2008)
REPUBLIC PROPERTIES CORPORATION ("RPC"), Appellant,
v.
The GRAND JURY PRESENTMENT ON the CITY OF WEST PALM BEACH, PART A, FALL TERM 2006, Appellee.
No. 4D07-1921.
District Court of Appeal of Florida, Fourth District.
January 14, 2008.
Guy A. Lewis, Michael R. Tein, and Michael G. Moore of Lewis Tein PL, Miami, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Republic appeals an order denying its motion to expunge a portion of the introduction to a grand jury report. We reverse.
The grand jury report implicated Republic, in its introduction, as engaging in "irregular and illegal practices" in connection with a large scale, public-development project. Specifically, the introduction stated, in relevant part:
After irregular and illegal practices surfaced regarding Republic Properties and the West Palm Beach City Center project, this Grand Jury was convened to investigate corruption, ethics and whether the City of West Palm Beach conducts business under a `pay to play' practice.
The introduction also mentioned Republic in a footnote, stating that Republic was "a real estate development company [that] paid consulting fees to then City Commissioner Ray Liberti in relation to the City Center Project." Republic was not otherwise mentioned in the report, and it is undisputed that there had not been any investigation of, or charge against, Republic.
The presentment was submitted on January 31, 2007, as a confidential document. Two days later, on February 2, the state released the report to the general public without notice to Republic.
Section 905.28(1), Florida Statutes, provides:

*291 A report or presentment of the grand jury relating to an individual which is not accompanied by a true bill or indictment is confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution and shall not be made public or be published until the individual concerned has been furnished a copy thereof and given 15 days to file with the circuit court a motion to repress or expunge the report or that portion which is improper and unlawful.
(Emphasis added)
On March 28, 2007, Republic filed a motion to expunge a portion of the presentment under section 905.28, Florida Statutes, seeking to remove all references to Republic from the presentment. By this time, the presentment had been posted on the state attorney's website and reported in the local media, without notice to Republic.
It is undisputed that Republic was not a target of the investigation. In its motion, Republic also included a letter to its counsel in which the state attorney's office confirmed it was not investigating Republic.
Republic correctly asserts that when a presentment is not accompanied by a true bill or indictment, such as in this case, the presentment may not be made public or be published, as to any individual it relates to, until notice and a copy are provided, and the individual is given fifteen days to file a motion to repress or expunge any portion which is improper and unlawful.
Republic also correctly argues that when a "comment is a conclusion which lacks a factual foundation within the presentment, or a comment amounts to a factual finding that is unnecessary to the inquiry relating to the public officials or the expenditure of public funds, then those portions of the presentment must be expunged, because they are improper or unlawful." (quoting In re Grand Jury (Freeport Sch. Project) Winter Term 1988, 544 So.2d 1104, 1107 (Fla. 1st DCA 1989) (emphasis in original)).
The basis for the trial court's denial is that Republic lacked standing, as the report did not relate to Republic. In support of the order's conclusions that Republic lacks standing, the state argues that section 905.28 was "not triggered" here and that, as a result, the statute does not apply. Urging a narrow interpretation, the state asserts that the phrase "relating to," as used in the statute, requires a more significant association or connection than exists in this case, opining that the grand jury's presentment reflects merely "the nominal use of the name Republic."
Section 905.28(1) was enacted to protect those "whose character is impugned in a [grand jury] report unaccompanied by indictment." Miami Herald Pub. Co. v. Marko, 352 So.2d 518, 520 (Fla.1977). This appears to be the statute's purpose. See id. at 520-21 (explaining that section 905.28 was "undoubtedly" enacted because, "while one charged with the commission of a crime as a result of this process has a full opportunity for public clarification of misleading data and personal vindication through a public trial, no comparable means of vindication exists for one whose character is impugned in a report unaccompanied by indictment").
The statute also protects the integrity of the grand jury process itself. See Barry Jeffrey Stern, Revealing Misconduct by Public Officials Through Grand Jury Reports, 136 U. Pa. L. Rev. 73, 127 (1987) (observing that the opportunity of pre-publication judicial review "promotes public confidence in the fairness of the reporting process"). This goal seems especially important considering the nature of a *292 grand jury presentment. We have said that:
[a] presentment (report) is a foul blow. It wins the importance of a judicial document; yet it lacks its principal attributes-the right to answer and to appeal. It accuses, but furnishes no forum for denial. No one knows upon what evidence the findings are based. An indictment may be challenged-even defeated. The presentment is immune. It is like the `hit and run' motorist. Before application can be made to suppress it, it is the subject of public gossip. The damage is done. The injury it may unjustly inflict may never be healed.
In re Brevard County Grand Jury Interim Report, Fall Term 1970, 249 So.2d 709 (Fla. 4th DCA 1971) (quoting People v. McCabe, 148 Misc. 330, 266 N.Y.S. 363, 367 (Sup.Ct.1933)) (emphasis supplied).
In Philpitt v. Weintraub, 377 So.2d 247 (Fla. 3d DCA 1979), the Third District was faced with the question of what to do when the state violates the notice and service provisions contained in section 905.28(1). There, the Dade County grand jury launched an investigation into allegations of public corruption in the city of Opa Locka. In returning indictments against several city officials, the grand jury filed a report which was, in part, critical of the city attorney. This report was immediately released to the media. The city attorney was not furnished with a copy of this report prior to its filing and public release. Deprived of opportunity to seek pre-publication judicial review, the city attorney filed a post-publication action to expunge based in part on the state's violation of section 905.28(1). Id. at 247-48.
The trial judge entered summary judgment for the city attorney, expunging all references to him from the subject grand jury report. Id. at 248. The appellate court affirmed, holding that the state's violation of the statute, by itself, required expunction. The court found that,
[w]here the notice and service provisions of the statute are totally and unjustifiably ignored by the state and the grand jury report in question is publicly released in violation of these provisions, as in this case, it is clear that the report relating to the individual involved is subject to expungement else the pre-public release provisions of the statute become meaningless.
Id. at 249.
Although the state distinguishes Philpitt, insofar as the state recognizes that the report in Philpitt did "relate to" the city attorney, the state does not dispute that the Philpitt remedy is applicable where a report is shown to relate to the movant, and the state did not comply with the notice and opportunity provisions of the statute.
The United States Supreme Court has stated, albeit in a different statutory context, that "[t]he ordinary meaning of the . . . words [`relating to'] is a broad one," and defined the phrase as: "to stand in some relation to; to have bearing or concern, to pertain; refer; to bring into association with or connection with." Morales v. Trans World Airlines, 504 U.S. 374, 383, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992) (quoting Black's Law Dictionary 1128 (5th ed. 1979)); accord United States v. Weis, 487 F.3d 1148, 1152 (8th Cir.2007). The phrase does not necessarily mean, as argued by the state, a "significant" association or connection. Indeed, the word "significantly" does not appear anywhere in the statute; nor is the word "relating" modified.
As the Philpitt court made clear, section 905.28 "by its express terms affords a person whose character is impugned in a grand jury report, but who has not been *293 indicted by the grand jury, `an opportunity to prevent the publication of unfavorable material through the repression of matter that is `improper and unlawful.'" 377 So.2d at 248 (quoting Marko, 352 So.2d 518) (emphasis added). "It is evident that the statute's underpinning derives from a constitutional imperative that a person's liberty interest in the preservation of reputation not be exposed to degradation without antecedent procedural due process. Section 905.28(1) provides the essential `notice and an opportunity to be heard.'" In re Grand Jury, Fall Term 1986, Pinellas County, 528 So.2d 51, 53 (Fla. 2d DCA 1988). Here, the state denied Republic such notice and opportunity.
Although the state took the position in the trial court that Republic's motion was time barred, the state concedes in its answer brief that "expungement would be warranted" if Republic "had standing" under section 905.28, standing being determined by whether the report relates to Republic.
We also note that if the state were correct in its position that the presentment "illustrated the nominal use of the name Republic" and that the "style of grammar used by the Grand Jury in the first sentence along with the employment of a footnote clearly demonstrates the slight use of the name Republic," and that the "Grand Jury Presentment is not about Republic," then it is obvious that no harm is done to the integrity of the report by expunging.
We emphasize that we have not considered whether the "improper and unlawful" provisions of the statute are met in this case, as such would be the concern in the hearing directed by the statute. Nor does the state argue the "improper and unlawful" provision is applicable to the issue on appeal. The issue is solely whether the report is one "relating to" Republic for the purpose of giving it standing to seek relief for its loss of notice and opportunity to clear its name. If so, expungement is required absent a claim that the premature publication was justified.
We conclude that, here, the grand jury report is one "relating to" Republic, given Republic's prominence in the introduction's statement:

After irregular and illegal practices surfaced regarding Republic Properties and the West Palm Beach City Center project, this Grand Jury was convened to investigate corruption, ethics and whether the City of West Palm Beach conducts business under a `pay to play' practice.
(Emphasis added).
Therefore, we reverse the order and remand, with instructions to expunge all references to Republic from the grand jury presentment.
POLEN and MAY, JJ., concur.