On Motion fob Clarification

KLEIN, J.
We grant the motion for clarification, withdraw our previous opinion filed on April 16, 2008 and replace it with this opinion.
*685 Appellant filed a motion in the trial court under section 905.28(1), Florida Statutes (2006), to expunge parts of a grand jury presentment which referred to appellant. The trial court granted some of the relief requested by appellant, but we conclude that additional portions should be expunged.
In Barber v. Interim Report of the Grand Jury Spring Term 1995, 689 So.2d 1182 (Fla. 4th DCA 1997), Judge Gross explained the general purpose of section 905.28(1):
Under section 905.28(1), where a grand jury report relating to an individual is not accompanied by a true bill or an indictment, the report remains confidential until the individual has been given a copy of the report and a fifteen day grace period to file a motion in the circuit court to “repress or expunge the report or that portion which is improper and unlawful.” The policy behind the statute is to give a person not charged with a crime the chance to prevent the publication of “improper and unlawful” material. Miami Herald Publishing Co. v. Marko, 352 So.2d 518, 520-21 (Fla.1977). As the supreme court explained in Marko,
while one charged with the commission of a crime as a result of [the grand jury] process has a full opportunity for public clarification of misleading data and personal vindication through a public trial, no comparable means of vindication exists for one whose character is impugned in a report unaccompanied by indictment.
Barber, 689 So.2d at 1184. [footnote omitted]
The grand jury was convened to investigate corruption and ethics involving the City of West Palm Beach and whether the city conducts business under a pay to play” practice. This case involves the same grand jury presentment which this court previously addressed, on a motion to expunge filed by someone else, in Roe v. Grand Jury, 970 So.2d 498 (Fla. 4th DCA 2007).
Most of the statements in the presentment which are being challenged by appellant relate to statements allegedly made by one person involving the necessity of making political contributions in order to get things accomplished. The trial court granted the motion in part; however, the court should have expunged additional statements. On remand, before releasing the grand jury report, the trial court shall expunge the following portions of the Amended version of the Presentment, Part B, as redacted by the trial court:
Page 2 The last sentence of the second full paragraph, which is found on lines 15 and 16.
Page 3 The quotation marks in line 6.
Page 4 The last three words of line 5 and the first word of line 6.
The comma at the end of line 12.
The first word of line 13.
The last five words of line 19 beginning with the comma.
Page 5 The tenth through thirteenth words in line 4.

Reversed.

HAZOURI and DAMOORGIAN, JJ., concur.