PARKER, Judge.
A grand jury from Pinellas County through the State Attorney appeals the trial court’s order which allowed release of the grand jury testimony of former city employees who sought reimbursement of their attorneys’ fees from the City of St. Petersburg (City) for their appearance before the grand jury. The City has filed a cross appeal of the same order, arguing that the trial court should have released more of the grand jury testimony. We reverse, concluding that the trial court should not have released any of the grand jury testimony.
In 1991 the grand jury filed a presentment concerning its investigation of “allegations of potential misconduct by city officials or employees in relation to the City of St. Peters-burg’s sale of the Municipal Services Building to Fotomat Corporation in 1982-1983.” The grand jury found that there was an intentional destruction of records but was unable to determine who was responsible. The grand jury chose not to name or otherwise identify anyone from whom it had received testimony to obviate the necessity to seal the presentment pursuant to section 905.28, Florida Statutes (1991).
The City filed a motion pursuant to section 905.27(1)(c), Florida Statutes (1991)[1] to permit transcription, inspection, and copying of all testimony and evidence before the grand jury regarding its Fotomat investigation. The City based its motion on the following four grounds: it could not identify the administrative malfeasance or misfeasance which the grand jury found and, therefore, could not formulate a policy to correct the problem; the presentment left a cloud of suspicion over those city officials who testified and that the opening of the grand jury proceedings would clear the names of the innocent and identify the wrongdoers; to assist the City in its determination of whether to pay attorneys’ fees for city officials who were summoned to testify before the grand jury; and to help the interim city manager in carrying out his duties of managing the administrative affairs of the City, including the personnel decisions affecting management level employees. The State Attorney filed objections to the City’s motion and chal *293 lenged the applicability of section 905.27 to the City’s claimed reasons for seeking disclosure.
The trial court entered an order, which it clarified in response to the State Attorney’s motion, and provided for the transcription of the proceedings for an in camera inspection of the grand jury testimony and in camera inspection of the evidence introduced into the proceedings for the court’s comparison with statements and investigative reports in the possession of the City. The trial court also directed the State Attorney to supply, in a confidential status, the names and addresses of the grand jury witnesses and directed the City to' supplement its existing investigation and to pursue any information uncovered in the investigation. The City supplemented its investigation with statements from two witnesses called to testify before the grand jury but from whom the City had not obtained a statement.
The trial court reviewed the grand jury transcripts and the materials presented by the City and issued an order finding that the City was in possession of all material information presented to the grand jury. The trial court found only “a slight departure” in the testimony before the grand jury of one person from the statement the City had from its investigation but concluded that it was not a material variance. The trial court further concluded that the City was entitled to copies of the transcripts of the grand jury testimony of three former City employees, Alan Harvey, Robert Obering, and Sylvia Taylor, who had made a demand upon the City for payment of their attorneys’ fees incurred in connection with the grand jury investigation. The court held a hearing at which counsel for Harvey did not object to the release of his testimony, counsel for Obering did object, and Taylor did not appear. The court then gave Harvey and Obering thirty days to indicate in writing whether they intended to pursue their claims for fees. The court ordered the release of the transcript of the testimony of the person seeking payment of his attorneys’ fees. The record reflects that Obering filed a Notice of Intent to Seek Attorneys Fees and Costs.
We conclude that the trial court abused its discretion in the release of the grand jury testimony. A judicial determination of whether to release grand jury testimony must go beyond the individual facts and balance other interests including the historical necessity for grand jury testimony. Historically grand jury proceedings are clothed in secrecy. The supreme court has listed the following reasons for the secrecy of the grand jury: (1) to protect the grand jurors; (2) to promote a total freedom of disclosure;- (3) to prevent the escape of a person indicted before his arrest; (4) to prevent subornation of perjury or tampering with witnesses who testified before the grand jury and then testify at the trial of the person indicted; and (5) to shield the reputation of a person against whom no indictment is filed. Minton v. State, 113 So.2d 361 (Fla.1959). In addition to these traditional reasons for secrecy, the State Attorney advanced a persuasive argument which somewhat falls within the second reason. The State Attorney lamented the destruction of the grand jury as an investigative body if the state could no longer inform witnesses that their testimony would be secret. He opined that if the court released testimony merely because a person requested attorneys’ fees and costs, then the state no longer in good faith could advise witnesses that their testimony would be secret. We conclude that the encouragement of unhampered disclosures by persons who have information pertinent to the subject matter of the investigation is a vital reason for grand jury secrecy. See State v. Tillett, 111 So.2d 716 (Fla. 2d DCA 1959).
In the instant case, the trial court found: “A review of the materials indicates that the City of St. Petersburg is in possession of all the material information presented to the Grand Jury concerning the Fotomat transaction.” The trial court reviewed the City’s materials, which included the December 4, 1990, sworn statement that Obering gave to the State Attorney and a memorandum from Obering, and was able to compare these materials with Obering’s testimony before the grand jury. The trial court apparently found no material difference in the information because its order only pointed *294 out a variance with another person’s testimony.
We conclude that in this case, based on the circumstances outlined in the preceding paragraph, the City has shown no need for release of any grand jury testimony. Certainly the fact that Obering has requested reimbursement of his attorneys’ fees when the City has the substance of his testimony before the grand jury does not outweigh the public interest in maintaining the secrecy of grand jury proceedings or override the historical reasons for maintaining grand jury secrecy, especially the threat to the future use of the grand jury as an investigative tool. See In re Jessup, 50 Del. 580, 136 A.2d 207 (Super.Ct.1957). Accordingly, we reverse the order of the trial court which released the grand jury testimony.
Reversed and remanded.
FRANK, C.J., and PATTERSON, J., concur.

. Section 905.27(1) establishes the criteria governing disclosure of grand jury proceedings and provides:
(1) A grand juror, state attorney, assistant state attorney, reporter, stenographer, interpreter, or any other person appearing before the grand jury shall not disclose the testimony of a witness examined before the grand jury or other evidence received by it except when required by a court to disclose the testimony for the purpose of:
(a) Ascertaining whether it is consistent with the testimony given by the witness before the court;
(b) Determining whether the witness is guilty of perjury; or
(c) Furthering justice.
§ 905.27(1), Fla.Stat. (1991).