ON MOTION FOR REHEARING

ERVIN, Judge.
This is an appeal from the partial denial of a motion brought under Section 905.28(1), Florida Statutes (1991), to repress or expunge portions of a grand jury presentment which refer to appellant, C.P. We affirm in part, but reverse in part and remand as well, because we consider certain statements in the presentment to be unlawful and improper.
The grand jury was convened in the fall of 1992 at the request of the state attorney to conduct investigations of practices, procedures, expenditures of money, and conduct of *349 public officials and employees regarding the Department of Health & Rehabilitative Services, HRS Management Systems, the Florida On-Line Recipient Integrated Data Access System (Florida System), and other projects and matters. Upon the conclusion of its investigations, the grand jury issued a presentment which set out problems generally associated with the operation of an HRS computer, beginning with the shutdown in 1986 by the federal government of several of HRS’s programs (Medicaid, child support, and welfare and food stamps) because of errors and concluding with the reporting of substantial overpayments of various benefits.
C.P., an employee of the State Information Technology Resource Procurement Advisory Council, which was responsible for guaranteeing the integrity of the Florida System by ensuring, among other things, that the computer system is technologically sound, was referred to in the presentment, but no indictment charging C.P. accompanied it. C.P. sought to have such statements expunged from the presentment pursuant to section 906.28(1),[1] because she considered them highly damaging to her reputation.
As explained in Miami Herald Publishing Co. v. Marko, 352 So.2d 518, 520-21 (Fla. 1977), when a grand jury presentment contains statements exposing a public official or employee to criticism, scorn or recommendations unfavorable to his or her reputation, it is essential to bear in mind the context in which the issues arose. The matters emerge from a grand jury process which operates in secrecy, under the guidance of a prosecutor and the supervision of a judge, and particularly under circumstances in which the person is afforded no right to confront witnesses or to be represented by counsel. It is possible, then, that the evidence presented to the grand jury, on which the members necessarily rely, may be one-sided and inaccurate. If the grand jury indicts the person who is the subject of the investigation, the opportunity for refutation is available during the course of a later trial. If, however, no indictment or true bill accompanies the grand jury report, no opportunity was furnished such person before the enactment of section 905.28(1), to challenge the report. Undoubtedly, the potential for abuse of the grand jury system was precisely the reason why the legislature adopted section 905.28(1), authorizing repression of matters in the presentment that are unlawful and improper. Accord In re Grand Jury (Freeport Sch. Project) Winter Term 1988, 544 So.2d 1104, 1107 (Fla. 1st DCA) (“[section 905.28] was designed to constitute a brake on wild charges against a person which are either outside the scope of the grand jury’s lawful authority or entirely unsupported by any facts”), review denied sub nom. Chandler v. Hilton Dev. Co., 553 So.2d 1164 (Fla.1989), and review denied, 553 So.2d 1166 (Fla.1989).
The legislature did not define the terms “unlawful” and “improper.” Consequently, the courts have done so. “ ‘Unlawful’ means outside the lawful ambit of the grand jury’s authority.” In re Grand Jury (Freeport Sch. Project), 544 So.2d at 1106 (citing Marko). To avoid being “improper,” comments in the presentment “must have a factual foundation in, and be germane to, the scope of the proceedings for which the grand jury was convened.” Marko, 352 So.2d at 522; In re Grand Jury (Freeport Sch. Project), 544 So.2d at 1106. The factual foundation requirement does not, however, require a circuit court to review the evidence presented to the grand jury. It is sufficient if the grand jury’s comments have a factual foundation in the presentment itself. In other words, the grand jury’s factual findings are not themselves subject to reversal. Moore v. 1986 Grand Jury Report on Pub. Housing, 532 So.2d 1103, 1105 (Fla. 3d DCA 1988).
The question of whether statements in a presentment must be expunged, because they are unlawful or improper, is a question of law, not fact. Therefore, the trial court’s *350 action is subject to plenary review by this court. See Coleman v. Florida Ins. Guar. Ass’n, 517 So.2d 686, 690 (Fla.1988) (the extent of coverage under an insurance policy is a question of law and is therefore subject to plenary review).
Appellant has not contended on appeal that the comments are unlawful; indeed, a grand jury may investigate the actions of public bodies and officials concerning the use of public funds. Marko, 352 So.2d at 522; In re Grand Jury (Freeport Sch. Project), 544 So.2d at 1106. Moreover, the grand jury may recommend the removal of public officials from office in a presentment describing misconduct, errors, and incidents in which public funds are improperly employed. Appeal of Untreiner, 391 So.2d 272, 274 (Fla. 1st DCA 1980).
The thrust of appellant’s argument is that the comments are improper, that is, without factual foundation and not germane to the proceeding. Specifically, appellant argues that the statements appearing in paragraphs 82 and 12 on pages 34 and 54 of the presentment, relating to C.P.’s failure to advise her supervisor of various matters concerning the Florida System, are so imprecise as to be unnecessary, and, therefore, not germane, because her responsibilities are not defined. Additionally, C.P. urges that the findings are conclusory as they are unsupported by factual findings. She reasons therefrom that because her duties were not defined, she could not have been found to have failed in their performance. She argues, in that the findings in paragraphs 12(a) through (c) are unsupported by the record, the conclusion stated in paragraph 21 on page 60 of the presentment that her conduct constituted gross neglect and nonperformance is also unsupported and conclusory. Finally, she contends that statements referring to her subsequent employment with the HRS Management System, which was in charge of the Florida System, are irrelevant to the inquiry, and that the recommendation that she be reevaluated for fitness to continue in her employment is based on conclusory, unsupported comments and should similarly be expunged.
We find no merit in appellant’s argument regarding the statements concerning her failure to inform and advise her supervisor of various matters and her failure to perform her duties, because the presentment contains a sufficient factual foundation therefor. See Moore. Any argument that C.P. was not actually informed of her duties or required to perform them constitutes an attempt to review the evidence presented to the grand jury, which is prohibited on review. Moore. Based on our examination of these statements, we conclude that a factual foundation exists for the grand jury’s determination that appellant’s conduct constituted gross neglect and nonperformance, as well as its recommendation that appellant be reevaluated for continued employment. Therefore, we affirm the trial court’s denial of the motion to expunge as it relates to those statements.
We reverse, however, that portion of the trial court’s order denying appellant’s request for expunction of the statements referring to her subsequent employment with HRS Management Systems at an increased salary and her superior’s warning about Viann Hardy, the former Deputy Secretary of Management Systems. There is no factual foundation in the presentment for any suggestion that appellant was “bought off’ or that she received a payoff. Moreover, under the circumstances, these statements are not germane to the inquiry. Therefore, we reverse and remand with directions for the lower court to expunge those portions of paragraphs 82 and 12 which relate to the warning about Hardy and appellant’s employment with HRS Management Systems and her salaries, because they are improper for lack of any factual foundation and are not germane to the inquiry. We affirm, however, the denial as it relates to the challenges of the remaining portions of the presentment.
AFFIRMED in part, REVERSED in part and REMANDED for further consistent proceedings.
JOANOS, J., concurs.
MINER, J., concurs and dissents with opinion.

. Section 905.28(1) provides:
No report or presentment of the grand juiy relating to an individual which is not accompanied by a true bill or indictment shall be made public or be published until the individual concerned has been furnished a copy thereof and given 15 days to file with the circuit court a motion to repress or expunge the report or that portion which is improper and unlawful.