PER CURIAM.
The State appeals a trial court order repressing a grand jury presentment after five parties argued various parts of the presentment should be expunged or repressed. These parties include: Lisa Womack, Chief of the Lakeland Police Department (LPD); Ann Dinges, former LPD Public Information Officer; Roger Mallory, LPD General Counsel;[1] Doug Thomas, City Manager of Lakeland, Florida; and Gow Fields, Mayor of Lakeland, Florida. Because all of the expunged statements are lawful and proper, we reverse.
I. Legal Framework
“The question of whether statements in a presentment must be expunged, because they are unlawful or improper, is a question of law, not fact. Therefore, the trial court’s action is subject to plenary review by this court.” In re Grand Jury Investigation of Fla. Dep’t of Health & Rehabilitative Servs., 659 So.2d 347, 349-50 (Fla. 1st DCA 1995). Our review is limited to the content of the four corners of the presentment. Id. at 349 (“The factual foundation requirement does not ... require a circuit court to review the evidence presented to the grand jury. It is sufficient if the grand jury’s comments have a factual foundation in the presentment itself. In other words, the grand jury’s factual findings are not themselves subject to reversal.”). As such, no deference is given to the trial court’s ruling.
At issue in this case is the application of section 905.28(1), Florida Statutes (2012), which provides:
A report or presentment of the grand jury relating to an individual which is not accompanied by a true bill or indictment is confidential and exempt from *842 the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution and shall not be made public or be published until the individual concerned has been furnished a copy thereof and given 15 days to file with the circuit court a motion to repress or expunge the report or that portion which is improper and unlawful.
As both parties acknowledge, Miami Herald Publishing Co. v. Marko, 352 So.2d 518 (Fla.1977), provides important insight into how courts should apply section 905.28. Section 905.28 provides individuals who “may be exposed to criticism, scorn, or recommendations unfavorable to their reputation” a means to prevent publication of a presentment. Id. at 520. This danger alone, however, does not justify ex-punction or repression.
After all, a grand jury’s power to investigate “specific instances of criminality or general activities of public institutions and personnel” is broad. Id. at 521.
Our grand juries have ... the right to express the view of the citizenry with respect to public bodies and officials in terms of a “presentment”.... It is inevitable under these circumstances that public officials will be subject to criticism and that, at a minimum, their private reputations will be exposed to opprobrium.
Id. at 522, 523 (“[A] grand jury may legally recommend the removal of public officials.”). Understanding this risk, the people of the State of Florida have continued to employ the grand jury as an investigative tool — the only limitation being that a grand jury’s report must be lawful and proper. See id. at 523 (acknowledging “the public’s general right to know”).
As the Florida Supreme Court previously stated:
A society governed by representative officials concomitantly requires citizen review of public action. The grand jury has proven a most effective and reliable mechanism for that purpose....
The benefits to be derived from this extraordinary exercise in citizen participation would be severely limited if the fruits of that activity were not available to the public on whose behalf it is undertaken. Implicit in the power of the grand jury to investigate and expose official misconduct is the right of the people to be informed of its findings.
Id. (footnote omitted). We reiterate, the “right of the people to be informed” is an important and necessary aspect of representative government. Id.
Returning to the specific limitations placed on grand jury authority:
[C]omments in a grand jury report are “lawful” if they are made by an otherwise legally constituted grand jury on a matter which the grand jury is legally empowered to investigate.... [C]om-ments in a grand jury report are “proper” if they have a “factual foundation in, and [are] germane to, the scope of proceedings for which the grand jury was convened.”
Malcolm Pirnie, Inc. v. Monroe Cnty. Grand Jury Report, Fall Term, 1987, 558 So.2d 139, 140 (Fla. 3d DCA 1990) (quoting Moore v. 1986 Grand Jury Report, 532 So.2d 1103, 1105 (Fla. 3d DCA 1988)). As noted above, it is lawful for grand juries to investigate the general activities of public institutions and personnel. Compare In re Grand Jury (Freeport Sch. Project) Winter Term, 1988, 544 So.2d 1104, 1106 (Fla. 1st DCA 1989) (“Grand jury investigations may ... encompass investigations of the actions of public bodies and officials in the use of public funds, including reporting or presenting findings and recommendations as to practices, procedures, incompetency, inefficiency, mistakes and misconduct involving public offices and monies.”), with *843 Kelly v. Sturgis, 453 So.2d 1179, 1182 (Fla. 5th DCA 1984) (“Section 905.28 ... does not authorize or legitimize a grand jury making an unfair commentary as to the actions or motives of a purely private citizen .... ”)• And if any fact supports a comment relevant to a lawful investigation, it should not be expunged or repressed. See Freeport Sch. Project, 544 So.2d at 1107.
It makes sense not to be overly rigid when evaluating factual support in the context of a grand jury presentment because of the confidentiality concerns underlying grand jury proceedings. See § 905.27. Consequently, as we evaluate factual findings in the presentment we remain mindful that it would not be appropriate to require complete disclosure of all of the sources and materials used by the grand jury to arrive at its findings, as a prerequisite to allowing those findings to stand. This is consistent with the court’s approach in Malcolm Pirnie, Inc. In that case the appellant argued, in part, that the following statements were conclusions or recommendations subject to the court’s review:
The grand jury ... found that as part of [a] study, MPI, as well as the city, erred in not examining the costs of a landfill operation and comparing them to the costs of an incinerator system. [Also,] ... MPI’s reports to the city on the incinerator project constituted a misrepresentation of the financial consequences accompanying the incinerator project.
558 So.2d at 140-41. The court found these statements were “findings of fact ... not subject to review....” Id. at 141.
II. Analysis
The presentment in this case reports a grand jury’s findings after an investigation into “the procedures by which the Lakeland Police Department collects, keeps, and disseminates public information.” The grand jury also “reviewfed] the hiring, training, evaluation, and retention of Lakeland Police Department employees who [were] responsible for public information, including Chief Lisa Womack and Public Information Officer Ann Dinges.” These are matters the grand jury was legally empowered to investigate. Therefore, each comment in the presentment with a factual foundation that is germane to this scope of inquiry is necessarily proper.
Having established the purpose for which the grand jury was lawfully assembled, we note at the outset that the trial court erred in ordering any expunctions. And, although numerous expunctions were ordered, many of them stem from a few discrete errors. As a result, we write only to address five of the issues raised by this appeal.
First, the trial court incorrectly concluded that the grand jury “understood the principle behind the public records laws, that of open government[,] but misconstrued or misunderstood the law itself that is permissive in some respects regarding release of public records .... ” Presumably, this assumption stemmed from the trial court’s failure to identify the broad scope of the grand jury’s investigation, instead limiting it to compliance with public records laws. The grand jury’s investigation was much broader, as outlined above. In this context, grand jury criticism of LPD that is not rooted in an established violation of the law is not an indication the grand jury misunderstood the law itself. Rather, it is an indication that the scope of inquiry extended beyond explicitly illegal conduct.
Also, comments pertaining to LPD’s failure to provide the public with “information” and “public information” are germane. These comments match up precisely to the stated scope of inquiry, and they *844 fall well within the grand jury’s authority to “report[ ] or present[ ] findings and recommendations as to practices, procedures, incompetency, inefficiency, mistakes and misconduct involving public offices and monies.” Freeport Sch. Project, 544 So.2d at 1106.
Similarly germane are comments in the presentment regarding LPD’s relationship with the media. The grand jury was not strictly limited to investigating compliance with public records laws; the investigation focused more broadly on LPD’s public information practices. As a result, it is relevant to the grand jury’s investigation that media outlets — one of the public’s most reliable sources of information about government — find it extremely difficult to get information from LPD.
Additionally, statements in a presentment about public personnel should not be expunged because a court concludes they are “unnecessary.” In this case, the trial court expunged the following statements on this basis: “Ann Dinges often lists Lisa Womack as her emergency contact when that information is needed”; “Dinges is known for not returning phone calls, not returning emails and not answering or returning calls on the media line”; Dinges’ annual salary; and the fact that Dinges is “known to travel quite often,” despite the fact that she “has only been an employee of LPD for just over a year.”[2]
Although the trial court pulled the word “unnecessary” from Freeport School Project, necessity is not a precise way to describe the inquiry required by section 905.28(1). The inquiry required by section 905.28(1) requires that statements be germane but not absolutely indispensible, as suggested by use of the word unnecessary. To the extent a necessity requirement may be appropriate, it is applicable when evaluating comments in a presentment about purely private citizens. See Kelly, 453 So.2d at 1182 (“[T]he public interest is properly served by an accurate report as to whatever is found to be true without comment on the actions or motives of private citizens that are not a necessary part of the findings relating to the public officials.” (emphasis added)). Here, all of the comments are about LPD’s former public information officer and chief of police, not private citizens.
Finally, a number of statements were expunged because they purportedly lack a factual foundation. These statements include the following: Womack “has created a hostile environment at LPD”; “[i]f anyone upsets or crosses Dinges, they also upset and cross the Chief’; Womack’s initial rank during the hiring process; and comments about the “questionable and unknown circumstances” of Womack leaving her previous position in Elgin, Illinois.[3] All of these statements are themselves factual findings not subject to review. See Malcolm Pirnie, Inc., 558 So.2d at 141.
III. Conclusion
For these reasons, we conclude the expunged statements are lawful and proper. Therefore, the order repressing the presentment is reversed. The case is remanded with instructions that the presentment be made public in its entirety.
*845 Reversed and remanded with instructions.
NORTHCUTT, KHOUZAM, and CRENSHAW, JJ., Concur.

. Portions of the presentment discussing Mr. Mallory were repressed because the trial court found that the numerous other expunc-tions so changed the presentment that it needed to be repressed in its entirety. The trial court did not find comments regarding Mr. Malloiy to be independently unlawful or improper.

. A comment that "the person who previously held Dinges’ position at LPD was also the department crime analyst and was responsible for the department website” was expunged on the same basis.

. The same rationale resulted in the expunction of a finding that "Dinges is woefully unqualified.” It served as a secondary basis for expunging comments about Dinges' travel and time off.