DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IN RE: FINAL REPORT OF THE 20TH STATEWIDE GRAND JURY**

Nos. 4D21-3640, 4D21-3641, 4D21-3642, 4D21-3643, 4D21-3644,
4D21-3645, 4D21-3646, and 4D21-3647

[June 15, 2022]

Appeals and cross-appeal of final orders from Jack Tuter, Presiding Judge, 20th Statewide Grand Jury, and Martin S. Fein, Alternate Presiding Judge, 20th Statewide Grand Jury; Case No. SC19-240.

Michael Hursey of Michael Hursey, P.A., Fort Lauderdale, for appellants in Nos. 4D21-3640 and 4D21-3643.

James S. Benjamin, Daniel R. Aaronson, and Peter T. Patanzo of Benjamin, Aaronson, Edinger & Patanzo, P.A., Fort Lauderdale, for appellant in No. 4D21-3641.

Robert C. Buschel of Buschel Gibbons, P.A., Fort Lauderdale, for appellant in No. 4D21-3642.

Joseph W. Jacquot, George S. LeMieux, and Jonathan K. Osborne of Gunster, Yoakley & Stewart, P.A., Jacksonville, for appellant in No. 4D21-3644.

Cary O. Aronowitz and Jeff Schacknow of Holland & Knight LLP, Miami, for appellee/cross-appellant in No. 4D21-3645.

Michael B. Cohen of Michael B. Cohen, P.A., Fort Lauderdale, for appellant in No. 4D21-3646.

J. David Bogenschutz and Patrick D. Wilson of Law Offices of J. David Bogenschutz, P.A., Fort Lauderdale, for appellant in No. 4D21-3647.

Ashley Moody, Attorney General, Tallahassee, Nicholas B. Cox, Statewide Prosecutor and Statewide Grand Jury Legal Adviser, Tampa, and Luke R. Napodano, Assistant Attorney General and Special Designated Assistant Statewide Prosecutor and Assistant Statewide Grand Jury Legal Adviser, West Palm Beach, for appellee in Nos. 4D21-3640,

4D21-3642, and 4D21-3643, and appellant/cross-appellee in No. 4D21-3645

Ashley Moody, Attorney General, Tallahassee, Nicholas B. Cox, Statewide Prosecutor and Statewide Grand Jury Legal Adviser, Tampa, and Melynda L. Melear, Senior Assistant Attorney General and Special Designated Assistant Statewide Prosecutor and Assistant Statewide Grand Jury Legal Adviser, West Palm Beach, for appellee in Nos. 4D21-3641, 4D21-3644, 4D21-3646, and 4D21-3647.

ARTAU, J.

The petitioners in the underlying proceedings challenge the jurisdiction of the Twentieth Statewide Grand Jury impaneled by the Florida Supreme Court upon the request of Governor DeSantis to investigate school safety and other issues of statewide significance in the wake of the mass shooting at the Marjory Stoneman Douglas High School.[1]

The petitioners seek to repress or expunge all or part of the statewide grand jury's report from public view pursuant to section 905.28, Florida Statutes (2018).[2] We conclude that the grand jury had jurisdiction to investigate these issues of statewide significance and affirm the trial court's denial of the petitions to repress the grand jury's report, except as to two paragraphs which contain allegations of criminal conduct exceeding the scope of the statewide grand jury's subject matter jurisdiction.

**Background**

The Florida Supreme Court granted the Governor's petition to impanel a statewide grand jury to investigate "whether school officials committed—and continue to commit—fraud and deceit by mismanaging, failing to use, and diverting funds from multi-million dollar bonds specifically solicited for school safety initiatives" and "whether school officials violated—and continue to violate—state law by systematically underreporting incidents of criminal activity to the Department of Education."

---

[1] We consolidate the eight appeals and one cross-appeal for the sole purpose of issuing one opinion determining all the cases.

[2] We will refer to the parties who brought the underlying petitions to repress or expunge all or part of the statewide grand jury's report pursuant to section 905.28, Florida Statutes (2018), as "petitioners" in this opinion.

2

The supreme court authorized the statewide grand jury to "investigate crime, return indictments, *make presentments,*[3] and otherwise perform all functions of [a] grand jury" related to the issues identified in the Governor's petition (emphasis added).

## Subject Matter Jurisdiction

We first address whether the statewide grand jury's report or presentment exceeds the scope of its subject matter jurisdiction.

A statewide grand jury's subject matter jurisdiction is limited by statute to certain enumerated offenses, to the extent the offense at issue "is occurring, or has occurred, in two or more judicial circuits as part of a related transaction" or "is connected with an organized criminal conspiracy affecting two or more judicial circuits." § 905.34, Fla. Stat. (2018). A statewide grand jury lacks the authority to return an indictment for an offense beyond the scope of its jurisdiction. *McNamara v. State*, 357 So. 2d 410, 413–14 (Fla. 1978).

Some of the petitioners argue that the report should be repressed or expunged because they claim it discusses issues not directly related to any specific offense within the scope of the grand jury's subject matter jurisdiction. Other petitioners argue that the report should be repressed or expunged because they claim it discusses issues exceeding the purpose for which the statewide grand jury was convened. We disagree with these arguments.

"A widely misunderstood function of the grand jury—to render reports or presentments—has often functioned to ferret out and make known governmental inefficiency, neglect, and other misconduct short of crime." Richard H. Kuh, *The Grand Jury "Presentment": Foul Blow or Fair Play?*, 55 COLUM. L. REV. 1103, 1103 (1955). In addition to its indictment function, grand juries have had a reporting function since well before the founding of our republic. *Id.* at 1106. The grand jury practice of issuing reports exposing governmental misconduct, which were historically referred to as presentments, was prevalent in the American colonies and continued after the ratification of the United States Constitution. *Id.* at 1103, 1109–15 ("Nothing in these seventeenth and eighteenth century cases, however, affords any precedent barring a jury from taking the affirmative action of reporting on the derelictions of government officials.").

---

[3] We will refer to the statewide grand jury's report interchangeably as either a report or presentment in this opinion.

Several jurisdictions, including Florida, continue to authorize grand juries to issue presentments or reports. *Id.* at 1114–15; *see also In re Rep. of Grand Jury*, 11 So. 2d 316, 318 (Fla. 1943) ("In Florida, the grand jury system was derived from the common law, but has been enlarged by statute." (citation omitted)).

Our Legislature codified the practice of issuing grand jury reports or presentments when it enacted the Statewide Grand Jury Act. *See* § 905.34, Fla. Stat. (2018) ("The *statewide grand jury may return* indictments and *presentments* irrespective of the county or judicial circuit where the offense is committed or triable." (emphasis added)). Furthermore, the Florida Supreme Court expressly authorized the statewide grand jury to "make presentments" in the underlying proceedings when the court granted the Governor's petition to impanel the grand jury to investigate school safety and other issues of statewide significance.

"Implicit in the power of the grand jury to investigate and expose official misconduct is the right of the people to be informed of its findings." *Miami Herald Publ'g Co. v. Marko*, 352 So. 2d 518, 523 (Fla. 1977). Thus, the statewide grand jury's authority was not limited to returning indictments for specific offenses within its subject matter jurisdiction. *Id.* at 522 ("Florida grand juries are not confined to an indictment function"). Instead, "[o]ur grand juries have been given the right to express the view of the citizenry with respect to public bodies and officials in terms of a 'presentment', describing misconduct, errors, and incidences in which public funds are improperly employed." *Id.*

In affirming the denial of a petition to expunge a grand jury report, the supreme court in *Owens v. State* held that a grand jury is vested with broad power "to investigate and make a fair report of its findings." 59 So. 2d 254, 256 (Fla. 1952). *Owens* reasoned that given its broad power, the grand jury did not exceed its jurisdiction in making a report containing findings of fact that public officials were "incompetent or lax in performance of the duty imposed on them" despite finding "no criminal violation." *Id.* at 256–57.

Accordingly, the statewide grand jury had the authority to investigate the conduct of public officials and to make proper findings and recommendations in a report or presentment. Moreover, the statewide grand jury was also empowered to recommend that the officials or employees under investigation "are not fit to continue as [public] officials," or "that administrative proceedings should be conducted to curtail their tenure." *Miami Herald*, 352 So. 2d at 522–23 ("[A] grand jury may legally

4

recommend the removal of public officials."); *see also In re Rep. of Grand Jury*, 11 So. 2d at 319 ("[I]f the grand jury makes an investigation on its own initiative and reaches the conclusion that the circumstances warrant suspension rather than indictment or it may be both, *it would be derelict in its duty if it did not bring the matter of suspension to the attention of the Governor.*" (emphasis added)); *Appeal of Untreiner*, 391 So. 2d 272, 274–75 (Fla. 1st DCA 1980) (a grand jury may legally recommend the removal of a public official to avoid the recurrence of misconduct).

The mass shooting at Marjory Stoneman Douglas High School shook our state to its core. As recognized by our Governor in his petition to the supreme court, investigating systematic misconduct, mismanagement, and misuse of public funds earmarked for school safety initiatives is of paramount statewide importance in preventing another similar tragedy and keeping school children safe. As our supreme court explained:

> *The Governor is the executive officer of the State and is required to enforce the law.* He is authorized to suspend certain state and county officers for 'malfeasance or misfeasance of neglect of duty in office, for the commission of any felony, or for drunkenness or incompetency'. He may or may not accord them a hearing before suspension. *If he elects to employ a grand jury investigation to aid him in his judgment, he certainly has a right to do so. In fact[,] we know of no better source for aid that he could resort to.*

*In re Rep. of Grand Jury*, 11 So. 2d at 319 (emphasis added).

Thus, we conclude that the statewide grand jury did not exceed its subject matter jurisdiction in conducting its investigation and issuing a report of its findings, including its recommendation that the Governor should "remove" or suspend certain school board members.

However, we conclude that two paragraphs of the statewide grand jury's report—the first and only full paragraph on page 73, and the second paragraph on page 114—must be repressed because they contain allegations of criminal conduct exceeding the scope of the statewide grand jury's subject matter jurisdiction.

While the statewide grand jury can refer alleged criminal conduct not enumerated within its jurisdiction to the appropriate grand jury or state attorney for the county having jurisdiction over the alleged offenses, the statewide grand jury lacks jurisdiction to return an indictment or otherwise include the alleged criminal conduct that is the subject of a potential referral in its report. *See McNamara*, 357 So. 2d at 413–14

5

(Barkdull, J., specially concurring) ("If a statewide [g]rand [j]ury finds evidence of a local crime [for which it lacks the authority to return an indictment] it should forward its evidence to the appropriate [g]rand [j]ury for the county[.]" (quoting *State v. Ostergard*, 343 So. 2d 874, 877 (Fla. 3d DCA 1977)).

We therefore reverse the rulings on this issue in case numbers 4D21-3643 and 4D21-3644, and instruct the presiding judge on remand to order that the first and only full paragraph on page 73, and the second paragraph on page 114, be repressed from the statewide grand jury's report before it is released to the public, without prejudice to the authority of the statewide grand jury to include those paragraphs in a referral to the county grand jury or state attorney having jurisdiction over the alleged offenses.

### Challenges to Public Disclosure of Grand Jury Report

We next address whether portions of the statewide grand jury's report or presentment must be repressed or expunged as unlawful and improper under section 905.28, Florida Statutes (2018).

Section 905.28 provides that a grand jury report "relating to an individual" that is not accompanied by an indictment may be repressed or expunged, in whole or in part, to the extent it is "*improper* and *unlawful.*" § 905.28(1), Fla. Stat. (2018) (emphasis added). "The question of whether statements in a presentment must be expunged, because they are unlawful or improper, is a question of law, not fact," and is subject to de novo review. *State v. Womack*, 127 So. 3d 839, 841 (Fla. 2d DCA 2013) (quoting *In re Grand Jury Investigation of Fla. Dep't of Health & Rehab. Servs.*, 659 So. 2d 347, 349–50 (Fla. 1st DCA 1995)).

### "Unlawful" Challenge to Public Disclosure

Our supreme court has interpreted the "unlawful" prong of section 905.28 to mean "outside the lawful ambit of grand jury authority" or beyond the "legitimacy of the grand jury proceeding." *Miami Herald*, 352 So. 2d at 520–21, 523 (concluding that there was nothing unlawful about the grand jury report at issue given "the broad sweep of powers conferred on grand juries to investigate either specific instances of criminality or general activities of public institutions and personnel"); *see also Moore v. 1986 Grand Jury Rep. on Pub. Hous.*, 532 So. 2d 1103, 1105 (Fla. 3d DCA 1988) (explaining that comments in a grand jury report are "lawful" under section 905.28 if "they are made by an otherwise legally constituted grand jury on a matter which the grand jury is legally empowered to investigate").

As we have already concluded, the grand jury acted within the ambit of the broad authority granted by our supreme court to investigate these issues of statewide significance and "make presentments" as expressly contemplated by section 905.34.

Some of the petitioners urge us to adopt a substantive interpretation of the "unlawful" prong which would prevent a statewide grand jury from including any reference to witness testimony as "unlawful" given the secrecy of grand jury investigations. We are required to follow our supreme court's interpretation of the "unlawful" prong in section 905.28. *See Hoffman v. Jones*, 280 So. 2d 431, 434 (Fla. 1973) (district courts of appeal are "bound to follow the case law set forth by th[e] [supreme] [c]ourt"). The supreme court has limited any consideration of the "unlawful" prong to matters which exceed a grand jury's jurisdictional authority. *Miami Herald*, 352 So. 2d at 520–21, 523. Accordingly, the petitioners have not established that the presiding judge was required to repress any reference to witness testimony in the report or presentment pursuant to the "unlawful" prong of section 905.28.

## "Improper" Challenge to Public Disclosure

Next, we must determine if the petitioners have satisfied the "improper" prong of section 905.28. As explained by the supreme court, "the focus of judicial inquiry on a motion to repress under this statute does not turn on some amorphous notion of 'fairness.'" *Miami Herald*, 352 So. 2d at 521–22 ("The notion of unfairness is highly subjective, however, and we fail to discern any legislative directive to add that dimension to the more objective standards specifically set out in the statute."). Instead, our supreme court has interpreted this prong as limited "to the germaneness and factual foundation of the particular recommendations contained in a report." *Id.*

Our review is "limited to the content of the four corners of the presentment." *Womack*, 127 So. 3d at 841 (citing *Fla. Dep't of Health & Rehab. Servs.*, 659 So. 2d at 349). It is not the role of the presiding judge or the appellate court "to review the evidence presented to the grand jury for the purpose of determining whether the grand jury's findings of fact as contained in its report are supported by substantial, competent evidence." *Moore*, 532 So. 2d at 1105. Instead, the presiding judge reviews the four corners of the presentment to determine "if the grand jury's comments have a factual foundation in the presentment itself. In other words, the grand jury's *factual findings* are not themselves subject to [our review and] reversal." *Fla. Dep't of Health & Rehab. Servs.*, 659 So. 2d at 349 (citing *Moore*, 532 So. 2d at 1105). Moreover, "if *any* fact supports a comment

7

relevant to a lawful investigation, it should not be expunged or repressed." *Womack*, 127 So. 3d at 843.

In reviewing the four corners of the statewide grand jury's report, we conclude that the presiding judge correctly determined that the recommendations in the report are germane to the purpose for which the grand jury was convened and are based on a factual foundation. Accordingly, the petitioners have not established that the presiding judge was required to repress the grand jury report pursuant to the "improper" prong of section 905.28. *See Womack*, 127 So. 3d at 843–44 (reversing an order expunging portions of a grand jury presentment because "each comment in the presentment with a factual foundation [within its four corners] that is germane to th[e] scope of inquiry is necessarily proper").

## Other Challenges to Public Disclosure

Despite being unable to establish grounds under either of the two sole statutory prongs contained in section 905.28 for repression or expungement of a grand jury report, some of the petitioners argue for what would appear to be the adoption of a third prong entitling them to repression or expungement if any portion of the statewide grand jury's report includes the testimony of witnesses from the statewide grand jury proceedings in its factual foundation. However, "[w]e are not at liberty to add words to statutes that were not placed there by the Legislature." *E.g.*, *Hayes v. State*, 750 So. 2d 1, 4 (Fla. 1999) (citing *In re Order on Prosecution of Crim. Appeals*, 561 So. 2d 1130, 1137 (Fla. 1990)). Thus, claims for repression or expungement of a statewide grand jury report pursuant to section 905.28 cannot be based on grounds exceeding the two statutory prongs provided by the Legislature in the statute itself.

Nonetheless, petitioners cite to *Barber v. Interim Report of the Grand Jury Spring Term 1995*, 689 So. 2d 1182 (Fla. 4th DCA 1997), in support of their argument that the statewide grand jury, or its foreperson, lack authority to include witness testimony in the report or presentment. *Barber* concluded that "a grand *juror* shall not disclose a witness' grand jury testimony, unless one of the specific statutory exceptions applies." *Id.* at 1185. (emphasis added). However, *Barber* was a county grand jury case which interpreted section 905.27, Florida Statutes, governing disclosure of county grand jury proceedings. *See id.* at 1183–85; *see also* § 905.27, Fla. Stat. (2018).

Statewide grand jury proceedings are governed by the Statewide Grand Jury Act. *See* §§ 905.31–905.40, Fla. Stat. (2018). Although the Statewide Grand Jury Act generally incorporates the laws applicable to county grand

juries, the Act expressly excepts any such laws that "are *inconsistent* with the provisions of [the Act]."  *See* § 905.34, Fla. Stat. (2018) (emphasis added).

In enacting the Statewide Grand Jury Act, the Legislature adopted a separate statute governing disclosure of statewide grand jury proceedings, rather than simply incorporating the statute governing disclosure of county grand jury proceedings.  *See* § 905.395, Fla. Stat. (2018) (governing disclosure of statewide grand jury proceedings).

Unlike the statute governing disclosure of county grand jury proceedings (section 905.27), the statute governing disclosure of statewide grand jury proceedings (section 905.395), does not contain any provision proscribing a statewide grand juror from disclosing the testimony of a witness in a report or presentment.  While section 905.395 makes it a crime for any "person" to divulge any of the grand jury "proceedings," it omits section 905.27's proscription against a "grand juror" disclosing "the testimony of a witness examined before the grand jury," as well as its exceptions permitting disclosure of witness testimony.  *Compare* § 905.395, Fla. Stat. (2018) (governing disclosure of statewide grand jury proceedings), *with* § 905.27(1), (2), Fla. Stat. (2018) (governing disclosure of county grand jury proceedings).

Thus, the county grand jury statute and the statewide grand jury statute are inconsistent regarding the permissible disclosure of grand jury proceedings in a report or presentment.  Accordingly, we hold that the county grand jury statute—section 905.27—is not applicable in statewide grand jury proceedings.  *See* § 905.34, Fla. Stat. (2018) ("The powers and duties of, and law applicable to, county grand juries shall apply to a statewide grand jury *except when such powers, duties, and law are inconsistent* with the provisions of [sections] 905.31–905.40." (emphasis added)).

In interpreting a statute, we must presume that a legislative body "acts intentionally and purposefully" when it "includes particular language in one section of a statute but omits it in another section."  *Beach v. Great W. Bank*, 692 So. 2d 146, 152 (Fla. 1997) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)).  "When the Legislature has used a term, as it has here, in one section of the statute, we will not imply it where it has been excluded."  *Leisure Resorts, Inc. v. Frank J. Rooney, Inc.*, 654 So. 2d 911, 914 (Fla. 1995) (citations omitted).

By enacting a contrary provision in the Statewide Grand Jury Act omitting any proscription against disclosure of witness testimony by a

statewide grand juror or jury, we must presume that the Legislature purposefully excluded them from any such proscription in a report or presentment.

If the statutory language we are interpreting is clear, the statute must be given its plain meaning, and we will not "look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." *City of Parker v. State*, 992 So. 2d 171, 176 (Fla. 2008) (quoting *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005)).

Even if we were to resort to the rules of statutory construction, those rules would support our interpretation of section 905.395 as not proscribing a statewide grand jury from including the testimony of witnesses in its report. *See* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 93, 107, 174 (2012) (discussing the omitted-case canon, in which a matter that is not covered in a statute is deemed to have been intentionally omitted; the negative-implication canon, in which the listing of some things implies the deliberate exclusion of others; and the surplusage canon, in which every word is given effect and none is deemed meaningless).

Moreover, while the statute governing disclosure of county grand jury proceedings—section 905.27—was enacted with exceptions permitting the disclosure of witness testimony under certain circumstances, the statute governing disclosure of statewide grand jury proceedings—section 905.395—contains no exceptions and makes no mention of witness testimony in its prohibition against a "person" divulging "any of the proceedings" to "any other person." *Compare* § 905.395, Fla. Stat. (2018), *with* § 905.27, Fla. Stat. (2018).

Hence, a reasonable textual interpretation of section 905.395 does not include a foreperson acting in his or her official capacity on behalf of a statewide grand jury, or the statewide grand jury itself, in the statute's prohibition applicable to a "person" who has no permission or authority to divulge "any of the proceedings" to "any other person." *See* § 905.395, Fla. Stat. (2018) (proscribing "any person" from divulging "any of the proceedings or identity of persons referred to or being investigated by the statewide grand jury"). Otherwise, a statewide grand jury would never be able to issue an indictment, referral, or presentment because it would be unable to disclose anything about the proceedings to anyone despite the express statutory authorization for the statewide grand jury to "return *indictments* and *presentments*." *See* § 905.34, Fla. Stat. (2018) (emphasis added).

10

If the Legislature had intended to include a foreperson acting in his or her official capacity on behalf of a statewide grand jury, or the statewide grand jury itself, in its use of the singular term—"person"—it would have provided the necessary exceptions so that the statewide grand jury could complete its work by being permitted to divulge certain aspects of its "proceedings" and the "identity of persons referred to or being investigated" in an indictment, referral or presentment. *See Rollins v. Pizzarelli*, 761 So. 2d 294, 299 (Fla. 2000) (explaining that "the legislative use of different terms in different portions of the same statute is evidence that different meanings were intended"); *see also Cason v. Fla. Dep't of Mgmt. Servs.*, 944 So. 2d 306, 315 (Fla. 2006) ("[W]e have pointed to language in other statutes to show that the Legislature 'knows how to' accomplish what it has omitted in the statute in question." (quoting *Rollins*, 761 So. 2d at 298)).

Thus, we hold that the plain and ordinary meaning of the term "person" in section 905.395 consists of individuals who divulge "any of the proceedings or identity of persons referred to or being investigated by the statewide grand jury" without the permission or authority of the statewide grand jury. It does not include a juror's release of a report or presentment on behalf of a statewide grand jury in his or her official capacity as its foreperson. Accordingly, we conclude that nothing in section 905.395 prohibited the Twentieth Statewide Grand Jury from including witness testimony in the report it intends to publicly release.

## Conclusion

As our supreme court has explained, the grand jury as a legal institution "has proven a most effective and reliable mechanism" for "citizen review of public action." *Miami Herald*, 352 So. 2d at 523. "The benefits to be derived from this extraordinary exercise in citizen participation would be severely limited if the fruits of that activity were not available to the public on whose behalf it is undertaken." *Id.* We agree.

Therefore, we conclude that the Twentieth Statewide Grand Jury had the authority to conduct its investigation, publicly report its findings, and make its recommendations. We affirm the presiding judge's rulings on the various petitions to repress or expunge the grand jury's report, except as to the two paragraphs containing allegations of criminal conduct exceeding the scope of the statewide grand jury's subject matter jurisdiction—the first and only full paragraph on page 73, and the second paragraph on page 114. We reverse and instruct the presiding judge on remand to repress those two paragraphs from the statewide grand jury's report before the report is released to the public, without prejudice to the authority of

11

the statewide grand jury to include those paragraphs in a referral to the county grand jury or state attorney having jurisdiction over the alleged offenses.

As to all other issues raised in these appeals, including the cross-appeal, we affirm the presiding judge's rulings without further comment.

*Affirmed in part, reversed in part, and remanded with instructions.*

DAMOORGIAN, J., concurs.
WARNER, J., concurs in part and dissents in part with opinion.

WARNER, J., concurring in part and dissenting in part.

I concur with the majority that the statewide grand jury's final report does not exceed its subject matter jurisdiction or investigative authority. I also concur with the majority that the presiding judge's rulings on the issues not addressed in this opinion should be affirmed. I dissent, however, from the majority's conclusion that the references in the statewide grand jury's final report to the testimony of specific witnesses, or the gist of such testimony, should not be expunged under section 905.28, Florida Statutes (2018).

**Subject Matter Jurisdiction and Investigative Authority**

The subject matter jurisdiction of a statewide grand jury is limited to certain enumerated criminal offenses, to the extent any such offense "is occurring, or has occurred, in two or more judicial circuits as part of a related transaction" or "is connected with an organized criminal conspiracy affecting two or more judicial circuits." § 905.34, Fla. Stat. (2018). A statewide grand jury lacks the authority to return an indictment for an offense that does not meet these criteria. *See McNamara v. State*, 357 So. 2d 410, 413–14 (Fla. 1978) (citing *State v. Ostergard*, 343 So. 2d 874, 877 (Fla. 3d DCA 1977) (Barkdull, J., specially concurring)).

In authorizing the impanelment of the Twentieth Statewide Grand Jury, the supreme court granted a petition from Governor DeSantis to examine certain school safety issues throughout the state, including whether school officials were following safety-related laws and regulations and were properly managing public funds designated for school safety initiatives. As to the statewide impact of these issues, the petition alleged: (1) "[p]etitioner has been informed that there is a need to examine the crimes and wrongs that precipitated the Marjory Stoneman Douglas school shooting and that even now result in unsafe schools across the state"; (2)

12

"[t]here is also a need to examine the responses of public entities to laws designed to protect schools, such as the Marjory Stoneman Douglas High School Public Safety Act"; and (3) "[p]atterns of fraud and deceit by public entities shirking responsibility may exist and repeat throughout the state." *See generally* § 905.33, Fla. Stat. (2018) (stating that a petition to impanel a statewide grand jury "shall state the general crimes or wrongs to be inquired into and shall state that said crimes or wrongs are of a multicircuit nature").

The supreme court authorized the statewide grand jury to "investigate crime, return indictments, make presentments, and otherwise perform all functions of [a] grand jury." It limited the scope of the statewide grand jury's inquiry to "any offense listed in section 905.34" that (1) "relates to, but is not limited to," the specific issues identified in the Governor's petition *and* (2) "is occurring, or has occurred, in two or more judicial circuits as part of a related transaction or is connected with an organized criminal conspiracy affecting two or more judicial circuits, as required by section 905.34, Florida Statutes." Despite these limitations, the statewide grand jury's investigation and final report focused primarily on school safety and management issues within individual school districts. Some of the petitioners therefore argue that the statewide grand jury exceeded the scope of its jurisdiction.

The statewide grand jury's authority to return indictments was clearly limited by its subject matter jurisdiction as defined in section 905.34. *See McNamara*, 357 So. 2d at 413–14. But it does not appear that its authority to investigate, make public reports, and "otherwise perform all functions of [a] grand jury" was similarly limited. "A grand jury's investigatory authority extends beyond the realm of criminal activity to include inquiry into the general activities of public institutions and personnel." *Appeal of Untreiner*, 391 So. 2d 272, 274 (Fla. 1st DCA 1980) (citations omitted); *see also Miami Herald Publ'g Co. v. Marko*, 352 So. 2d 518, 522 (Fla. 1977) (grand juries in Florida are "not confined to an indictment function" but also have the right to "express the view of the citizenry with respect to public bodies and officials").

In *Miami Herald,* the supreme court recognized the conundrum faced by persons who have not been charged with a crime but who nevertheless may suffer reputational damage by the publication of a grand jury report:

> Unlike the opportunity for refutation which is available when adverse character or reputational matters are disclosed during the course of a public trial, there is no comparable opportunity to challenge grand jury report disclosures

contemporaneously with their publication. These matters emerge from a grand jury process which has operated in secrecy, under the guidance of a prosecutor and the supervision of a judge to be sure, but where there has been no right to challenge witnesses or to be represented by counsel. It is possible, then, that the testimony and information presented to a grand jury, on which they must rely and report, is potentially one-sided and inaccurate. Thus, while one charged with the commission of a crime as a result of this process has a full opportunity for public clarification of misleading data and personal vindication through a public trial, no comparable means of vindication exists for one whose character is impugned in a report unaccompanied by indictment.

352 So. 2d at 520. However, the court found that the Legislature did not intend to preclude the criticism of public officials in grand jury reports based on any notion of "fairness." Instead, the court concluded that the objective terms of section 905.28—"improper" and "unlawful"—are the only limitations which the presiding judge must consider on a motion to repress or expunge a grand jury report:

[T]he legislature has elected not to eliminate the potential for citizen criticism of public officials; rather it has chosen to confine those criticisms to matters which emerge from a lawful inquiry and are not "improper." There is eminent good sense in appellants' suggestion that this latter limitation means only that comments in a grand jury presentment must have a factual foundation in, and be germane to, the scope of proceedings for which the grand jury was convened. A report may be "proper" by all objective standards but appear "unfair" to some observers. The notion of unfairness is highly subjective, however, and we fail to discern any legislative directive to add that dimension to the more objective standards specifically set out in the statute.

. . . .

If the judicial inquiry is narrowed, however, to the legitimacy of the grand jury proceeding, the factual foundation for the subject matter included in the report, and the germaneness of the reported material to the purpose for which the grand jury was convened and given investigative authority, judicial officers can comfortably employ in these proceedings the same

14

decision making techniques which they use in other judicial inquiries.

352 So. 2d at 522-23.[4]

I therefore agree with the majority that the statewide grand jury's authority to investigate and make public reports was broader than its jurisdiction to return indictments as defined in section 905.34 and that its final report does not exceed that authority. It would be inconsistent with the supreme court's holdings in *Miami Herald* and the public's right to be informed, for this court to hold that the statewide grand jury should be prevented from disclosing its findings regarding public officials and institutions. *See Miami Herald*, 352 So. 2d at 523 ("Implicit in the power of the grand jury to investigate and expose official misconduct is the right of the people to be informed of its findings."). I also agree with the majority that the references on pages 73 and 114 of the report must be expunged because those references contain allegations of criminal activity beyond the scope of the statewide grand jury's subject matter jurisdiction as defined in section 905.34.

## Disclosures of Witness Testimony

I disagree with the majority's conclusion that the disclosures of witness testimony in the statewide grand jury's final report are not prohibited by section 905.27 or 905.395. The report contains a number of statements disclosing the identity of grand jury witnesses and the substance of their testimony in violation of those statutes. The statutes are not inconsistent, as the majority opines, and we have held that disclosure of "witnesses and the substance of their actual testimony" in a grand jury report are unlawful

---

[4] When the supreme court authorizes the impanelment of a statewide grand jury upon a governor's petition under section 905.33, the court acts in a ministerial and administrative capacity and does not exercise judicial review over the petition. *See State ex rel. Reichle v. Edwards*, 409 So. 2d 1043 (Fla. 1982). That being the case, no opportunity exists for judicial review as to whether the petition sufficiently demonstrates that the crimes or wrongs to be investigated are of a multi-circuit nature. Nor does any judicial oversight mechanism exist to prevent the statewide grand jury, once it is impaneled, from straying into matters of a purely local nature. This lack of judicial review and oversight leaves the statewide grand jury system open to being used for purposes other than those which the Legislature intended, to "strengthen the grand jury system and enhance the ability of the state to detect and eliminate organized criminal activity by improving the evidence-gathering process in matters which transpire or have significance in more than one county." § 905.32, Fla. Stat. (2018).

15

under section 905.27 and are subject to being expunged under section 905.28. *Barber v. Interim Rep. of the Grand Jury Spring Term 1995*, 689 So. 2d 1182, 1185–86 (Fla. 4th DCA 1997).

Sections 905.27 and 905.395 reflect the historical understanding that grand jury proceedings should be secret. This secrecy serves a number of important purposes:

> (1) to protect the grand jurors; (2) to promote a total freedom of disclosure; (3) to prevent the escape of a person indicted before his arrest; (4) to prevent subornation of perjury or tampering with witnesses who testified before the grand jury and then testify at the trial of the person indicted; and (5) to shield the reputation of a person against whom no indictment is filed.

*Grand Jury Fall Term, A.D. v. City of St. Petersburg, Fla.*, 624 So. 2d 291, 293 (Fla. 2d DCA 1993) (citing *Minton v. State*, 113 So. 2d 361 (Fla. 1959)).

Section 905.27 prohibits the participants in a grand jury proceeding from disclosing the testimony presented to the grand jury, or the gist of that testimony, unless such disclosure is mandated by a court order:

> (1) A grand juror, state attorney, assistant state attorney, reporter, stenographer, interpreter, or any other person appearing before the grand jury shall not disclose the testimony of a witness examined before the grand jury or other evidence received by it except when required by a court to disclose the testimony for the purpose of:
>
> (a) Ascertaining whether it is consistent with the testimony given by the witness before the court;
>
> (b) Determining whether the witness is guilty of perjury; or
>
> (c) Furthering justice.
>
> (2) It is unlawful for any person knowingly to publish, broadcast, disclose, divulge, or communicate to any other person, or knowingly to cause or permit to be published, broadcast, disclosed, divulged, or communicated to any other person, in any manner whatsoever, any testimony of a witness examined before the grand jury, or the content, gist, or import

16

thereof, except when such testimony is or has been disclosed
in a court proceeding. . . .

. . . .

(4) Persons convicted of violating this section shall be guilty
of a misdemeanor of the first degree, punishable as provided
in s. 775.083, or by fine not exceeding $5,000, or both.

*See also* § 905.24, Fla. Stat. (2018) ("Grand jury proceedings are secret,
and a grand juror or an interpreter appointed pursuant to s. 90.6063(2)
shall not disclose the nature or substance of the deliberations or vote of
the grand jury.").

Section 905.395, part of the Statewide Grand Jury Act, prohibits any
person from disclosing any of the statewide grand jury proceedings, unless
such disclosure is pursuant to a court order:

Unless pursuant to court order, it is unlawful for any person
knowingly to publish, broadcast, disclose, divulge, or communicate
to any other person, or knowingly to cause or permit to be published,
broadcast, disclosed, divulged, or communicated to any other
person outside the statewide grand jury room, any of the
proceedings or identity of persons referred to or being investigated
by the statewide grand jury. Any person who violates the provisions
of this subsection is guilty of a felony of the third degree, punishable
as provided in s. 775.082, s. 775.083, or s. 775.084.

The Legislature has also provided that statewide grand juries are
subject to the laws applying to county grand juries, in addition to the
provisions of the Statewide Grand Jury Act, unless those laws are
"inconsistent with the provisions of" the Act. § 905.34(13), Fla. Stat.
(2018).

The strong interest in maintaining the secrecy of grand jury
proceedings suggests that sections 905.27 and 905.395 should be
interpreted broadly. *See, e.g.*, *Minton*, 113 So. 2d at 367 (the tradition of
secrecy in grand jury proceedings "is not to be abandoned without clear
legislative direction" (citation omitted)).

The majority opines that sections 905.27 and 905.395 are inconsistent,
and therefore section 905.27 does not apply in statewide grand jury
proceedings, because section 905.395 does not expressly prohibit a grand
juror from disclosing testimony presented to the statewide grand jury. In

17

my view, these statutes are not inconsistent. Section 905.395 is broader than section 905.27 and imposes an additional measure of secrecy in statewide grand jury proceedings. It prohibits "any person" from disclosing "any of the proceedings" of the statewide grand jury, unless pursuant to court order. By contrast, section 905.27 prohibits only persons directly involved in grand jury proceedings from disclosing testimony or evidence presented to the grand jury, or the gist of any such testimony, unless pursuant to court order. If one were to draw a Venn diagram of the two statutes, the terms of section 905.27 would be wholly subsumed within the circle of section 905.395.

I would therefore hold that section 905.27 applies in statewide grand jury proceedings and prohibits a statewide grand juror from disclosing testimony or evidence presented to the statewide grand jury, unless such disclosure is specifically authorized by court order for one of the purposes set forth in section 905.27(1). I would thus apply *Barber* to this case and hold that the statements in the statewide grand jury's final report disclosing the identity and testimony of specific witnesses should have been expunged as unlawful under section 905.28. *See Barber*, 689 So. 2d at 1185–86 (holding that there is no exception in section 905.27 allowing for the disclosure of witness testimony in a grand jury report).

Even if I were to agree with the majority that section 905.27 does not apply in statewide grand jury proceedings, I would nevertheless hold that section 905.395 prohibits the disclosure of witness testimony in a statewide grand jury report. The majority contends that section 905.395 should not be read as to prohibit the statewide grand jury itself from disclosing witness testimony in its report—that the Legislature could not have intended that result. The majority thus writes its own statutory definition of the word "person" to exclude a statewide grand juror and thereby justify the statewide grand jury's numerous disclosures of witness testimony in its final report. But section 905.395 is not ambiguous or limited in any way. In construing the statute, no need exists to apply canons of statutory construction to arrive at some other meaning:

> "As with the interpretation of any statute, the starting point of analysis is the actual language of the statute." *Brown v. City of Vero Beach*, 64 So. 3d 172, 174 (Fla. 4th DCA 2011) (citing *Cont'l Cas. Co. v. Ryan Inc. E.*, 974 So. 2d 368, 374 (Fla. 2008)). If the language is clear and unambiguous, there is no need to resort to the rules of statutory construction; "the statute must be given its plain and obvious meaning." *Samples v. Fla. Birth–Related Neurological*, 40 So. 3d 18, 21 (Fla. 5th DCA 2010) (quoting *GTC, Inc. v. Edgar*, 967 So. 2d 781, 785 (Fla. 2007)).

18

*Conservation All. of St. Lucie Cnty. Inc. v. Fla. Dep't of Env't Prot.*, 144 So. 3d 622, 624 (Fla. 4th DCA 2014).

The Legislature unambiguously commanded in section 905.395 that *no person* can reveal what occurs in statewide grand jury proceedings. The statute does not make any exception allowing a statewide grand jury to reveal the testimony presented to it in a public report. The statewide grand jury's report must be written in such a manner as to avoid the disclosure of specific witnesses and the substance of their testimony. To hold otherwise is to ignore the statute's plain meaning and endanger the secrecy of the statewide grand jury proceedings, a vital measure to provide total freedom of disclosure. I would reverse on this issue and require expunction of the direct quotations of testimony, together with those statements providing the gist of the testimony of identified witnesses, from the statewide grand jury's final report.

Because the secrecy of the proceedings is a matter vital to the proper functioning of a statewide grand jury, maintaining such secrecy is a matter of great public concern. For that reason, I would certify the following to the supreme court as a question of great public importance:

> DOES THE PROHIBITION IN SECTION 905.395, FLORIDA STATUTES (2018), AGAINST THE DISCLOSURE OF STATEWIDE GRAND JURY PROCEEDINGS BY "ANY PERSON" PREVENT THE STATEWIDE GRAND JURY ITSELF FROM DISCLOSING THE IDENTITIES OF SPECIFIC WITNESSES AND THE SUBSTANCE OF THEIR TESTIMONY IN A PUBLIC REPORT OR PRESENTMENT?

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

19